## E. E. IRVEN V. THE STATE.

No. 20818. Delivered February 7, 1940.

The opinion states the case.

*Leon P. Howell* and *S. D. Bennett,* both of Beaumont, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

The appeal is from a conviction in the County Court of Jefferson County upon a charge denounced by subdivision 19, section (e) of Article 667 of the Penal Code authorizing the cancellation of the license by the Texas Liquor Control Board when it is found that one has: "Permitted at his place of business any conduct by any person whatsoever that is lewd, immoral, or offensive to public decency."

Article 667 is divided into many sections and concludes with the following penalty clause: "Any person who violates any provision of this Article shall be deemed guilty of a misdemeanor and upon conviction shall be punished by a fine of not less than Twenty-five ($25.00) Dollars nor more than Five Hundred ($500.00) Dollars or by imprisonment in the county

jail for not more than one year, or by both such fine and imprisonment."

The language found in the complaint and information in the case before us is as follows: "He, the said E. E. Irven, did then and there unlawfully permit Woodrow Tiller to be on said premises, while he, the said Woodrow Tiller, was then and there intoxicated, and the conduct of the said Woodrow Tiller in such intoxicated condition, was then and there offensive to public decency," etc.

While there are other errors complained of in the case which we feel constrained to sustain, we believe that it is sufficient to consider only that which relates to the validity of the statute under which this prosecution is brought.

The State's Attorney has filed a brief confessing the invalidity of the particular section of the article of the statute on the ground that it is too indefinite and uncertain and is therefore unenforceable. An examination of the statute reveals the correctness of this admission. The case of Griffin v. State, 218 S. W. 494, is in point and controlling on the subject.

In the first place, the court should have sustained the exception to the complaint and information because, in the language written, it is a conclusion on the part of the County Attorney that the conduct was "offensive to public decency." The only conduct mentioned is that the party involved was intoxicated. There is no allegation and no proof in the record of any act or conduct on the part of the individual that would support the conclusion that he was "offensive to public decency." Our greatest trouble, however, is as indicated by the admission of the State's Attorney, the indefiniteness of the expression, "offensive to public decency."

It may be reasoned that because drunkeness in a public place is a fineable offense regardless of the conduct of the individual while intoxicated, it is per se offensive to public decency. We think, however, that there are other reasons for making it a fineable offense than that it is offensive to public decency. Frequently, the conduct of the individual is such as to make it so, and the danger of it becoming offensive to public decency is sufficient to warrant legislation on the subject. We do not believe that the validity of the statute depends upon the conclusion that it is always offensive to public decency. The element of danger to public safety, as well as other considerations, play a part in sustaining the statute and must be considered. If it rested for its validity on the one thing, there might be a question as to the right of the Legislature to prohibit it.

We are sustained in our view that the expression is too indefinite and uncertain by the following quoted paragraphs from Words & Phrases, First Series, Volume 6, p. 5792, under the heading of "Public Indecency":

" 'Public indecency' has no fixed legal meaning. It is vague and indefinite, and cannot in itself imply a definite offense. The courts have, by a kind of judicial legislation in England and the United States, usually limited the operation of the term to public exhibitions of the person, the publication, sale, or exhibition of obscene books, and prints or the exhibition of a monster—acts which have a direct bearing on public morals and affects the body of society. The term is different from, and more limited in its meaning than, the word 'indecency,' as commonly understood. McJunkins v. State, 10 Ind. 140, 144."

" 'Public indecency' has no fixed legal meaning. It is vague and indefinite, and cannot in itself imply a definite offense. The acts which constitute it must vary with the different phases of society, depending upon the fastidious, refined, or primitive views of the community in which they happen to be committed. Acts which in one place might be regarded as amounting to public indecency might in another be considered harmless, and even proper. Jennings v. State, 16 Ind. 335, 336."

Because subdivision (e) of Section 19 of Article 667 does not sufficiently define "offensive to public decency" and because the term is too indefinite of enforcement, we think, so far as it attempts to fix the penalty for acts that are offensive to public decency" as therein stated, the law will be ineffective. However, it may be understood that this does not include the other offenses enumerated in said subdivision or affect the validity of them.

The case is reversed and the prosecution ordered dismissed.