Herman Bernard WISHNOW, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–81–0360–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

June 10, 1982.

Discretionary Review Granted
Oct. 6, 1982.

Allen C. Isbell, Houston, for appellant.

Larry P. Urquhart, Houston, for appellee.

Before EVANS, C. J., and WARREN and BASS, JJ.

WARREN, Justice.

A jury found appellant guilty of violating a provision of the Alcoholic Beverage Code which prohibits one who is authorized to sell beer at retail, from permitting lewd or vulgar acts on the premises where beer is sold. His punishment was assessed at 3 days in jail and a $500 fine.

In two grounds of error appellant contends that the act he was convicted of violating is unconstitutionally vague and that the court erred in refusing his requested charge on circumstantial evidence.

The statute under which appellant was convicted reads as follows:

Alcoholic Beverage Code Section 104.-01(6),

No person authorized to sell beer at retail, nor his agent, servant, or employee, may engage in or permit conduct on the premises of the retailer which is lewd, immoral, or offensive to public decency, including, but not limited to, any of the following acts:

(6) permitting lewd or vulgar entertainment or acts.

The information under which appellant was tried reads as follows:

Herman Bernard Wishnow, hereafter styled the Defendant, heretofore on or about July 26, 1980, did then and there unlawfully while authorized to sell beer at retail, knowingly permit Houston Barton to perform a lewd and vulgar act on the licensed premises, namely by knowingly permitting Houston Barton to place his hands on the breasts of Betty Broxton while such premises was a public place.

On at least two occasions our Court of Criminal Appeals has held portions of statutes, which are predecessors to Alcoholic Beverage Code, Section 104.01(6), to be unconstitutional because of vagueness.

In *Irven v. State,* 138 Tex. Cr. R. 368, 136 S.W.2d 608 (1940), the court held that since the term "offensive to public decency" was not defined and was in itself too indefinite to be enforced, that part of the statute making it an offense for a liquor licensee to permit conduct on the premises that was "lewd, immoral or offensive to public decency," was invalid.

In *Courtemanche v. State,* 507 S.W.2d 545 (Tex. Cr. App. 1974) the court held that the amendment to the statute (art. 667–19B(g), V.A.P.C.) which made it an offense for a beer retailer "permitting entertainment, performances, shows or acts that are lewd or vulgar," was void for vagueness because "lewd and vulgar" were not defined and in itself each was too vague to be enforceable.

After parts of the former statute had been ruled unconstitutional, the Texas Legislature passed Sec. 104.01, as well as what is commonly referred to as the new Penal Code. Once again the legislature failed to define "lewd" or "vulgar" in the successor statute, but did define "Public Lewdness" in the Penal Code.

"Public Lewdness" is defined in Tex. Penal Code Ann. § 21.07 as follows:

(a) A person commits an offense if he knowingly engages in any of the following acts in a public place or, if not in a public place, he is reckless about whether another is present who will be offended by his act:

(3) an act of sexual contact

Tex. Penal Code Ann. § 21.01 defines "Sexual Contact" as,

any touching of the anus, breast, or any part of the genitals of another person with intent to arouse or gratify the sexual desire of any person.

Tex. Rev. Civ. Stat. Ann. art. 5429b–2 § 3.03 provides that in construing a statute, the court may consider the legislative history of the statute and existing laws on the same or similar subjects.

We are satisfied that the above statutes, when read together, are sufficient to apprise a defendant of the "lewd" conduct proscribed, however, "vulgar" is not defined in the statute under attack or elsewhere in the Penal Code. "Vulgar" is of broader meaning than "lewd." Its meaning ranges from "plebian or coarse" to "lewdly or profanely indecent." (See Webster's New Collegiate Dictionary, Merriman Webster 1974 Edition). "Lewd" and "Vulgar" both have been held to be so vague "that men of common intelligence must guess as to their meaning and differ as to their application." *Courtemanche v. State,* supra; *Ex Parte Chernosky,* 153 Tex. Cr. R. 52, 217 S.W.2d 673 (1949).

The court's charge authorized the jury to convict if it found the conduct of appellant to be lewd *or* vulgar. This permitted the jury to convict on a standard of conduct, which has been held to be unconstitutionally vague, and the conviction must be reversed. We note that the statute proscribes "permitting lewd *or* vulgar entertainment or acts," therefore, it was not necessary for the state to allege that the conduct complained of was both lewd and

vulgar. We hold that the statute is unconstitutional insofar as it permits one to be convicted for a vulgar act, but not otherwise.

Appellant's second ground of error asserts that his requested charge on circumstantial evidence should have been granted because there was no direct evidence that appellant actually saw the acts and allowed them to continue. The record reflects that appellant had an unobstructed view of the dancers and was standing 6–8 feet away. An undercover officer stated, "I looked up and saw Mr. Wishnow look. He had his arms crossed and he kind of snickered and then he walked off to the bar." In light of this testimony, no charge on circumstantial evidence is required and this ground of error is overruled.

The judgment is reversed and remanded.