**James Ellsworth DIXON, Appellant,**

v.

**STATE of Texas, State.**

**No. 2–87–002–CR.**

Court of Appeals of Texas,
Fort Worth.

Sept. 10, 1987.

Discretionary Review Refused Dec. 9, 1987.

Alley & Alley, and T. Richard Alley, Fort Worth, for appellant.

William Cantrell, Co. Atty., Weatherford, for appellee.

Before JOE SPURLOCK, II, HILL and KELTNER, JJ.

OPINION

KELTNER, Justice.

This is an appeal from James Dixon's conviction for driving while intoxicated in violation of TEX.REV.CIV.STAT.ANN. art. 6701l–1 (Vernon Supp.1987). The trial judge assessed punishment at 365 days in jail, and a fine of $500. The jail time was probated for a period of 24 months.

Dixon brings two points of error. In his first point of error, Dixon contends the trial court erred in failing to dismiss the indictment pursuant to the Speedy Trial Act. In the second point of error, Dixon complains that the trial court lacked jurisdiction because the court quashed the original complaint and information and the State failed to file a new complaint and filed an amended information.

We affirm.

The sufficiency of the evidence to support Dixon's conviction is not challenged. As a result, we will discuss only those facts relevant to the two points of error Dixon raises in this court.

Dixon was arrested on April 4, 1986. A complaint, information, and written announcement of ready were filed by the State on June 2, 1986.

The case was set for trial on June 30, 1986, and the State appeared and announced ready. However, the court continued the case to August 21, 1986, because Dixon was not given proper notice of the trial. On that day, Dixon presented an oral motion to quash the information. The oral motion to quash complained that the information alleged that the offense occurred in 1985, instead of the correct date of the offense which was April 4, 1986, as alleged in the complaint. The motion was never reduced to writing nor transcribed by a court reporter. However, the trial court's docket sheet contains the following notation:

[M]otion to quash for fatal variance presented—state gave notice it will amend/10 days given to amend.

The State filed an amended information the next day. On September 3, 1986, the State announced ready and the case was set for trial September 9, 1986. On that day, Dixon was granted another continuance until October 1, 1986. At that time, the trial was set for October 7. The case did not proceed to trial on October 7 and the case was reset two additional times before Dixon filed his motion to dismiss on speedy trial grounds. Without considering what time might be excluded from the calculation of Dixon's right to a speedy trial under the Speedy Trial Act, the 90–day time period from the date of Dixon's arrest ran on July 3, 1986. The court denied Dixon's motion to dismiss on speedy trial grounds on December 4. At that time Dixon pled guilty.

In his first point of error, Dixon contends that the trial court erred in failing to dismiss the information pursuant to the Speedy Trial Act. Our Court of Criminal Appeals has recently held that the Speedy Trial Act is unconstitutional because it violates the separation of powers doctrine of the Texas Constitution. *Meshell v. State*, 739 S.W.2d 246, 257 (Tex.Crim.App.1987) (reh'g pending). As a result, we must overrule Dixon's first point of error.

In his second point of error, Dixon contends that the trial court actually quashed the complaint and the information on August 21, 1986. As a result, Dixon further contends that the State failed to file a new complaint with its amended information and therefore, the trial court lacked jurisdiction.

At the outset, the law is well settled that an information without a complaint is void and does not vest jurisdiction in the court over the offense charged. *Ex parte Eldridge*, 572 S.W.2d 716 (Tex.Crim.App. 1978).

Dixon admits that the underlying complaint is valid, but contends that the information was defective from the outset, and the jurisdiction of the Parker County Court at Law was never invoked. Dixon further argues that after the court allegedly quashed the original information, the State could not simply amend the information, but the State was required to file a new information and a new supporting complaint.

We disagree.

It is unclear what action the trial court took on the oral motion to quash. Contrary to Dixon's contention, the docket sheet does not indicate that the motion to quash the information was granted. Instead, the docket sheet reflects that the motion to quash was made and the State was given 10 days in which to amend.[1]

In any event, the legislature's 1985 amendment to articles 28.09 and 28.10 of the Texas Code of Criminal Procedure allows informations to be amended in either form or substance. TEX.CODE CRIM. PROC.ANN. arts. 28.09, 28.10 (Vernon Pamph.Supp.1987); *see also Peterson v. State*, 732 S.W.2d 22, 24 (Tex.App.—San Antonio 1987, no pet.). The legislature's amendment of articles 28.09 and 28.10 were designed to allow amendments to indictments and informations rather than requiring the State to go to the cumbersome task of dismissing the original cause and filing new indictments and informations with supporting papers.

In the instant case, the State and Dixon admit that the only problem with the information was that the date of the alleged offense was April 4, 1986 as correctly alleged in the complaint, rather than April 4, 1985 alleged in the information. Articles 28.09 and 28.10 do not require that a new complaint be filed when an indictment or information is amended. In the instant case, the State clearly amended its information as specifically allowed by the trial court. In other words, it is clear that the trial court never dismissed the cause or finally quashed the information.

---

1. In a later hearing on the speedy trial issue, the trial court reviewed its docket sheet. At one point in the hearing, the trial court indicated that it did quash the information. However, at another time during the hearing, the trial court stated that it gave the State 10 days in which to amend.

Both Dixon and the State contend that the record does not clearly reflect the trial court's action on Dixon's oral motion to quash the indictment. This is true. However, fault does not lie with the trial court. The Texas Code of Criminal Procedure requires that motions to quash informations be made in writing. *Nichols v. State*, 653 S.W.2d 768, 769 (Tex.Crim.App.1981); TEX. CODE CRIM.PROC.ANN. art. 27.10 (Vernon 1966). In the instant case, only an oral motion to quash the information was made.

We have reviewed both of Dixon's contentions and find no error in the record.

The judgment of the trial court is affirmed.