**The STATE of Texas, Appellant,**

v.

**Roque ALANIZ, Appellee.**

**No. 13–88–113–CR.**

Court of Appeals of Texas,
Corpus Christi.

June 30, 1988.

Juan P. Gonzalez, Corpus Christi, for appellant.

Carlos Valdez, Corpus Christi, for appellee.

Before UTTER, KENNEDY, and SEERDEN, JJ.

OPINION

UTTER, Justice.

The State of Texas appeals from the trial court's order granting appellee's motion to quash the State's amended information. We order the information reinstated.

In its sole point of error, the State contends that the trial court erred in granting appellee's motion to quash the amended information, which it alleges conforms with recent changes to both Tex.Const. art. V, § 26 and Tex.Code Crim.Proc.Ann. art. 44.-01(a)(1) (Vernon Supp.1988).

Appellee's motion to quash complained that the amended information failed to clearly state the nature and elements of the offense and failed to inform him of whether he was intoxicated by the introduction of alcohol, a controlled substance, a drug, or some combination thereof. The State contends appellee had notice adequate to prepare his defense for the offense of driving while intoxicated. The information provided, in relevant part, "that the appellant did then and there unlawfully drive and operate a motor vehicle in a public place while intoxicated, to wit: While having an alcohol concentration of 0.10 or more, and while not having the normal use of mental or physical faculties by reason of the introduction of alcohol, and a controlled substance, and a drug, and a combination of two or more of those substances."

■ Generally, when a term is defined by statute, it need not be further alleged in the indictment. *Garcia v. State*, 747 S.W. 2d 379 (Tex.Crim.App.1988); *Thomas v. State*, 621 S.W.2d 158, 161 (Tex.Crim.App. 1981). However, when an act or omission is statutorily defined, if that definition provides for more than one manner or means to commit that act or omission, then upon a timely request, the State must allege the particular manner or means it seeks to establish. *Ferguson v. State*, 622 S.W.2d

846, 851 (Tex.Crim.App.1981); *Drumm v. State,* 560 S.W.2d 944, 947 (Tex.Crim.App. 1977).

Where a statute sets forth several ways by which an offense may be committed, they may be charged conjunctively in one count in the information. *Sidney v. State,* 560 S.W.2d 679, 681 (Tex.Crim.App. 1978); *Sims v. State,* 735 S.W.2d 913, 914 (Tex.App.—Dallas 1987, no pet.); *see also Scherlie v. State,* 715 S.W.2d 653, 654 (Tex. Crim.App.1986); *Hewitt v. State,* 734 S.W. 2d 745, 751–52 (Tex.App.—Fort Worth 1987, no pet.). Except in rare instances, an indictment that tracks the words of the statute in question is legally sufficient and the State is not required to plead matters in its indictment which are essentially evidentiary. *Marrs v. State,* 647 S.W.2d 286, 289 (Tex.Crim.App.1983); *Kingsley v. State,* 744 S.W.2d 191, 194 (Tex.App.—Dallas 1987, no pet.).

In this case, the State's information substantially tracked the statutory language of Tex.Rev.Civ.Stat.Ann. §§ 6701*l* –1(a)(2) and 1(b) (Vernon Supp.1988). *See Sims,* 735 S.W.2d at 914; *Russell v. State,* 710 S.W.2d 662, 663–64 (Tex.App.—Austin 1986, pet. ref'd). Moreover, the State's information specifically alleged the intoxicants in accordance with the Texas Court of Criminal Appeals' holding in *Garcia,* at 381.

We hold that the State's information sets forth in plain and intelligible language sufficient information to enable the accused to prepare his defense and is, therefore, legally sufficient. The State's point of error is sustained.

We REVERSE the order of the trial court, REVERSE the cause, and ORDER the trial court to reinstate the information.