The STATE of Texas, Appellant,

v.

Howard Perry HANCOX, Appellee.

No. 02-88-163-CR.

Court of Appeals of Texas,
Fort Worth.

Dec. 7, 1988.

Rehearing Denied Jan. 11, 1989.
Discretionary Review Refused
April 5, 1989.

Jerry Cobb, Dist. Atty., Denton, for appellant.

Phillip E. Romero, Lewisville, Robert N. Udashen, Dallas, for appellee.

Before FENDER, C.J., and JOE SPURLOCK, II and HILL, JJ.

OPINION ON DISMISSAL OF
STATE'S APPEAL

JOE SPURLOCK, II, Justice.

TEX.CODE CRIM.PROC.ANN. art. 44.-01(a)(1) (Vernon Supp.1988)[1] gives the State the right to appeal certain orders and

---

1. As amended effec. Nov. 3, 1987. *See also* TEX. CONST. art. V, sec. 26 (1876, amended 1987) (Vernon Supp.1988).

rulings of the trial court, including an order which "dismisses an indictment [or] information, ... or any portion of an indictment [or] information...."

In the case at bar, the State appeals from an order which arguably *quashes* an information. The appellee (defendant below) has filed a motion to dismiss the State's appeal for want of jurisdiction, contending that the order quashing the information is not the same thing as an order dismissing the information, and that the Legislature only intended to allow the State to appeal orders which grant new trials or effectively terminate the prosecution. We agree with at least the first part of this analysis, and for reasons discussed hereinafter, conclude that an order quashing the information is not necessarily an order dismissing it.

First, it should be noted that this may not even be an "order to quash the information." The appellee filed "Defendant's Motion to Compel Election," urging that the State should be required to elect between the two manners and means of DWI it plead. The Motion's prayer, and the court's order, read as follows:

> WHEREFORE, PREMISES CONSIDERED, the Defendant requests that this Motion be granted in all respects, that the State's information be quashed or that the State be ordered to make its election and amend its information so as to give Defendant adequate notice as to [the] basis upon which the State will proceed to prove its case....
>
> ....

### ORDER

> On this day came on to be heard the Defendant's Motion to Compel, and the Court having considered the same, it is hereby, GRANTED.

At the pre-trial hearing on the Motion, appellee told the court that the Motion was really a request for the *information* to be quashed. After some discussion, the trial court ruled, "the Court will grant the Motion to Quash the information at this time."

The court and parties then discussed something off the record. On the record, the State gave notice of appeal. The trial court instructed appellee's counsel to represent him if the State appealed. The record does not show that the information was dismissed or "finally quashed" as expressed in *Dixon v. State*, 737 S.W.2d 134, 135 (Tex.App.—Fort Worth 1987, pet. ref'd).

Until this year, there was no appeal from the quashing or dismissal of an indictment or information. Therefore, little has been written on the subject of the effect of an order quashing the indictment or information. For this reason, it is necessary to infer the effect from cases discussing error in failing to quash. Prior to the 1985 amendments, the applicable statutes permitted informations and indictments to be amended to correct matters of form, but not of substance. *See, e.g.,* the discussion in *Janecka v. State*, 739 S.W.2d 813, 816–20 (Tex.Crim.App.1987) (per curiam); and *see Brasfield v. State*, 600 S.W.2d 288, 298, and 302 (Tex.Crim.App.1980) (opinion on reh'g) (en banc), compare the result on original submission with the result on rehearing.

On original submission in *Brasfield*, the court held that the indictment was defective as to *form* and, therefore, amendable. The court reversed and remanded the cause for trial. On rehearing, the court decided that the indictment was defective as to *substance and not amendable,* and ordered the indictment dismissed.[2] *Id. See also Dixon,* 737 S.W.2d at 134–36.

Effective December 1, 1985 (and prior to the alleged commission of the instant offense), the Legislature granted the State the right to amend informations and indictments on matters of form *and* substance. *See* TEX.CODE CRIM.PROC.ANN. arts. 28.09 and 28.10 (Vernon Pamph.Supp.1988).

Aside from the *Dixon* case, the only authority found regarding the effect of a

---

**2.** *Janecka,* 739 S.W.2d at 819 later overruled the rehearing decision in *Brasfield* and quoted favorably from the original opinion. However, this holding was based on a determination that the indictment was actually defective in form, not in substance.

motion to quash, under this new law regarding amendments, is the following:

Generally, when a motion to quash is granted, the charging instrument may be amended pursuant to the same rules that govern amendments generally (see sec. 41.03(2)), and the prosecution may proceed upon the amended charging instrument (see Vernon's Ann.C.C.P. Art. 28.-09). A statutory exception to this general rule arises when the motion to quash was based upon an assertion of a denial of a statutory speedy trial right. In such a case, the granting of the motion acts to discharge the defendant and bar any further proceedings (see Vernon's Ann.C. C.P. Art. 28.061; see also Ch. 50, Speedy Trial and Continuance).

2 M. TEAGUE & B. HELFT, TEXAS CRIMINAL PRACTICE GUIDE sec. 41.-07[3] (1988).

From the above commentary, and *Janecka, Brasfield,* and *Dixon,* it is clear reasoning that if the information can be amended after the motion to quash is granted, then the information is not "dismissed."

In summary, the record does not show that the trial court wholly dismissed the information; it only shows that the motion to quash was granted. There is no showing that the State was denied the opportunity to amend the information or that the State refused to amend. Most significantly, the record fails to show a verbal or written order "dismissing" the information, as required by article 44.01(a)(1). "Quash" and "dismiss" are not necessarily synonyms as used herein.

No discussion of this matter would be complete without mentioning *State v. Alaniz,* 754 S.W.2d 406 (Tex.App.—Corpus Christi, 1988, no pet.). In a factually similar situation, the Corpus Christi court ruled on the merits of an appeal by the State where the trial court had quashed the information. That opinion does not mention whether a dismissal of the information might be in the record, or indicate in any way that the court considered any problems with jurisdiction. As the court did not conduct an analysis of the problem, we have no choice but to distinguish the result

there from the instant case, and hold that the decision in *Alaniz* is not binding. *See id.* We conclude we have no jurisdiction of the matter at this time.

The State's appeal is dismissed.