STATE of Texas, Appellant,

v.

Rickey J. EAVES, Appellee.

No. 07–89–0304–CR.

Court of Appeals of Texas, Amarillo.

Jan. 18, 1990.

T.D. Hammons, Office of the County Atty., Amarillo, for appellant.

Jeff Blackburn, Larry B. (Rusty) Ladd, Amarillo, for appellee.

Before REYNOLDS, C.J., and DODSON and POFF, JJ.

POFF, Justice.

Appellee Rickey J. Eaves was charged by information with being intoxicated on premises licensed to sell beer while he was the holder of the license, a violation of Tex.Alco.Bev.Code Ann. § 104.01(5) (Ver-non Supp.1989) denounced as a misdemeanor by section 1.05 of the Alcoholic Beverage Code. Appellee filed an exception to the information contending that section 104.01 was unconstitutionally vague, and operated to deny his right to due process of law under the Fifth Amendment of the United States Constitution as applied to the states by the Fourteenth Amendment, and under Tex. Const. art. I, § 19. Thereafter, the trial court signed an order that sustained the exception and set aside the information.

The State filed a notice of appeal under Tex.Code Crim.Proc.Ann. art. 44.01(a)(1) (Vernon Supp.1989). By a single point of error, the State contends that the statute is not unconstitutionally vague. By a separate motion to dismiss, and his second reply point, more properly a cross point, appellee contends that we are without jurisdiction to consider this appeal. We will overrule appellee's motion to dismiss and second reply point, sustain the State's point of error, reverse the order of the trial court, and remand the case for reinstatement of the information.

 Since they concern our jurisdiction to consider this appeal, we will first address appellee's motion to dismiss and second reply point. The arguments and authorities cited in each are identical. Article 44.01(a)(1) of the Texas Code of Criminal Procedure Annotated (Vernon Supp. 1989) provides that the State is entitled to appeal an order of a court in a criminal case if the order dismisses an indictment, information, or complaint or any portion of an indictment, information, or complaint. In substance, appellee advances two arguments: (1) under *State v. Hancox*, 762 S.W.2d 312 (Tex.App.—Fort Worth 1988, pet. ref'd), the State was required to attempt to amend the information as a predicate to its right to appeal; and (2) since the trial court's order merely "set aside" the information, the order was not a dismissal of the information appealable by the State under article 44.01(a)(1). We disagree with these contentions.

In *Hancox*, the defendant filed a motion asking that the information be quashed, or that the State be required to amend the information to plead the criminal conduct with greater specificity. The trial court quashed the information. *Hancox* held that quashal of an information that could be amended did not amount to dismissal of the information sufficient to confer appellate jurisdiction under article 44.01(a)(1). In *Hancox*, the record contained no express dismissal of the information, nor was there evidence that the State was "denied the opportunity to amend" or that the State had refused to amend. *Hancox*, 762 S.W.2d at 314.

Appellee argues that the phrase "denied the opportunity to amend" implies that the State was required to move for amendment of the information, and have its motion overruled by the trial court, as a predicate to appeal. We disagree with this argument, because the question is not whether the State has moved to amend, but whether the charging instrument is *subject to* amendment. We do not read *Hancox* to require an attempt by the State to amend a quashed charging instrument as an appellate predicate in all cases.[1]

The critical factor for analysis of the State's right to appeal under article 44.-01(a)(1) is whether the trial court's order effectively terminates the prosecution. In this case, the State had no choice but to stand on the information, since the trial court set aside the information on the grounds that the statute creating the offense was unconstitutional. Thereafter, it was no longer possible to charge an offense under the statute. In legal effect, the trial court's order "setting aside" the information, based upon the perceived unconstitutionality of the statute, was equivalent to dismissal. It matters not how appellee styled his pleading or phrased his prayer for relief, nor how the trial court worded its order. The controlling factor must be the legal effect of the ruling. Requiring the State to attempt to amend under such circumstances would be to require a futile act. The trial court's order effectively terminated the prosecution and was therefore appealable by the State. Appellee's motion to dismiss and his second reply point are overruled.

■ Having determined our jurisdiction over this appeal, we will proceed to address the State's sole point of error. The State contends that the penal statute in this case, Tex.Alco.Bev.Code Ann. § 104.01(5) (Vernon Supp.1989), is not so vague as to fail to give appellee sufficient notice of the proscribed conduct. The version of the statute in effect at the time of the alleged offense read as follows:[2]

No person authorized to sell beer at retail, nor his agent, servant, or employee, may engage in or permit conduct on the premises of the retailer which is lewd, immoral, or offensive to public decency, including, but not limited to, any of the following acts:

\* \* \* \* \* \*

(5) being intoxicated on the licensed premises or permitting an intoxicated person to remain on the licensed premises[.]

Appellee cites *Wishnow v. State*, 671 S.W.2d 515 (Tex.Crim.App.1984), and its progenitor, *Irven v. State*, 138 Tex.Crim. 368, 136 S.W.2d 608 (1940), for the proposition that section 104.01 is unconstitutionally vague in its entirety. *Wishnow* dealt with the proscription of "lewd or vulgar entertainment or acts" in subsection (6) of

---

1. In *State v. Alaniz*, 754 S.W.2d 406 (Tex.App.—Corpus Christi 1988, no pet.), the court did not question its jurisdiction to hear the State's appeal from an order quashing the information. In that case, the charging instrument was not subject to quashal because it tracked the language of the penal statute.

2. Section 104.01 was amended by the Legislature effective June 16, 1989. Act of June 16, 1989, ch. 1200, § 2, 1989 Tex.Gen. Laws 4895, 4896. The offense was alleged to have taken place on May 6, 1989; therefore, the provisions of the new statute are not before us. The amendment deleted the words "or permitting an intoxicated person to remain on the licensed premises" from subsection (5). Since appellee was personally charged with being intoxicated on the licensed premises, the information would have charged the same conduct under either statute.

section 104.01, and held that such terms were too vague to be enforceable. *Irven* dealt with the predecessor statute[3] of section 104.01, which proscribed conduct that was "lewd, immoral, or offensive to public decency" without attempting to define such conduct.

Appellee contends that because the introductory paragraph of section 104.01 strives to prohibit conduct which is "lewd, immoral, or offensive to public decency," the entire statute is unconstitutionally vague, including subsection (5). This argument is not well taken.

The words "lewd, immoral, or offensive to public decency" have been carried forward in successive statutes by the Legislature since 1937. *Irven* and later cases held that such language was unconstitutionally vague absent a statutory definition of the proscribed conduct. The cases did *not* hold that the State could not regulate such conduct; rather, they held that the Legislature had failed to adequately define lewd, immoral, or offensive conduct. In *Irven*, the Court of Criminal Appeals took pains to point out that its holding "[did] not include the other offenses enumerated in said subdivision or affect the validity of them."[4] 136 S.W.2d at 609.

Appellee's theory that the unconstitutionality of subsection (6) vitiates the entire statute conflicts with the mandate of the Code Construction Act, Tex. Gov't Code Ann. § 311.032(c) (Vernon 1988), as applied to the Alcoholic Beverage Code by section 311.002 of the Code Construction Act and Tex.Alco.Bev.Code Ann. § 1.02 (Vernon Supp.1989). Since the Alcoholic Beverage Code does not contain either severability or non-severability provisions, subsection (6) of section 104.01 is presumed severable. This being so, subsection (5) must be presumed constitutional unless appellee can meet his burden to establish its unconstitutionality.

Appellee does not argue that the language of subsection (5) is itself void for vagueness; rather, his attack focuses on the "lewd, immoral, or offensive to public decency" language in the opening paragraph of section 104.01. If the offending language were stricken from the statute, intoxication on the licensed premises would still be prohibited. Intoxication is a term sufficiently clear and unambiguous to give a person of ordinary intelligence notice of the proscribed conduct. *Campos v. State*, 623 S.W.2d 657, 659 (Tex.Crim.App. [Panel Op.] 1981). Under such circumstances, we hold that subsection (5) of section 104.01 is not unconstitutionally vague, and was sufficient to afford appellee notice of the proscribed conduct. The State's point of error is sustained.

In summary, we overrule appellee's motion to dismiss and his second reply point. We sustain the State's point of error. The order of the trial court sustaining appellee's exception to the information is reversed, and the case is remanded for reinstatement of the information.

---

3. Act of June 8, 1937, ch. 448, § 49, 1937 Tex. Gen. Laws 1094, 1107-08 (repealed 1977).

4. One of the other offenses enumerated in the statute was the sale of beer to persons showing evidence of intoxication. Act of June 8, 1937, 1937 Tex.Gen. Laws at 1108, *supra* note 3.