The **STATE** of Texas, Appellant,

v.

**Craig Anthony GARRETT, Appellee.**

**No. 01–89–00919–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Aug. 23, 1990.

Rehearing Denied Oct. 18, 1990.

Discretionary Review Granted
Jan. 30, 1991.

**312**

Randy Schaffer, Houston, for appellant.

John B. Holmes, Jr., Harris County Dist. Atty., John M. Bradley, Ted Wilson, Asst. Harris County Dist. Attys., for appellee.

Before EVANS, C.J., and MIRABAL and DUGGAN, JJ.

## OPINION

DUGGAN, Justice.

This is an appeal by the State, pursuant to TEX.CODE CRIM.P.ANN. art. 44.01(a) (Vernon Supp.1990), from an order of the trial court setting aside an indictment.

Appellee, Craig Anthony Garrett, was indicted in three paragraphs for the first degree felony offense of aggravated delivery of a controlled substance, cocaine. *See* TEX.REV.CIV.STAT.ANN. art. 4476–15, §§ 4.03(a) & (d)(3).[1] Prior to trial, the trial court granted appellee's motion to set aside the indictment. Article 44.01(a) entitles the State "to appeal an order of a court in a criminal case if the order: (1) dismisses an indictment, information, or complaint or any portion of an indictment, information, or complaint...."

The Texas Controlled Substances Act provides for three possible methods of delivery of a controlled substance: actual transfer, constructive transfer, and offer to sell. TEX.HEALTH & SAFETY CODE ANN. § 481.002(8) (Vernon Pamph.1990). Appellee was indicted for delivery of a controlled substance, cocaine, in three disjunctive paragraphs alleging, respectively, that the delivery was by actual transfer, by constructive transfer, and by an offer to sell. Appellee filed a pretrial motion to set aside the indictment, alleging, among other things, that the State is required to specify a single theory of delivery upon which it will proceed, citing *Ferguson v. State*, 622 S.W.2d 846 (Tex.Crim.App.1980), and that the allegation of all three possible statutory types of delivery provided no more notice than the allegation of no particular type of delivery. In essence, appellee asked the trial court to compel the State to elect before trial the theory of delivery on

---

1. As of September 1, 1989, the Controlled Substances Act is codified in the Health and Safety Code. Article 4476–15, §§ 4.03(a) & (d)(3) corresponds to TEX.HEALTH & SAFETY CODE ANN. §§ 481.112(a) & (d)(3) (Vernon Pamph.1990). *See* Ch. 678, § 1, 1989 Tex.Gen.Laws 2230.

which it would proceed. The trial court granted appellee's motion.

The State urges a single point of error on appeal; the appellee urges in two cross-points that this Court is without jurisdiction to consider this appeal.

Because appellee's cross-points concern our jurisdiction to consider this appeal, we address them first. By his first cross-point, appellee contends that the appeal should be dismissed for want of jurisdiction because the trial court's order setting aside the indictment is not appealable in that it did not dismiss the indictment or any portion thereof.

■■■ Appellee argues that resolution of this case is controlled by *State v. Hancox,* 762 S.W.2d 312 (Tex.App.—Fort Worth 1988, pet. ref'd). In *Hancox,* the defendant filed a motion asking that the information be quashed, or that the State be required to amend to plead the criminal conduct with greater specificity; the trial court quashed the information. *Hancox* held that "an order quashing the information is not necessarily an order dismissing it," *Id.* at 313; and that "if the information can be amended after the motion to quash is granted, then the information is not 'dismissed'." *Id.* at 314. The *Hancox* opinion did not set out the language of the information's challenged paragraphs charging the two manners and means of the offense charged. We are thus left to conclude that the *Hancox* court correctly found that the paragraphs, because of their wording, could be amended. As the Amarillo Court of Appeals concluded in *State v. Eaves,* 786 S.W.2d 396, 398 (Tex.App.—Amarillo 1990, pet. granted):

> [T]he question is not whether the State has moved to amend a quashed charging instrument, but whether the charging instrument is *subject* to amendment. We do not read *Hancox* to require an attempt by the State to amend a quashed charging instrument as an appellate predicate in all cases.

The State has the right to indict a defendant for delivery of a controlled substance, whether the delivery is by offer to sell, by constructive delivery, by actual delivery, or by any disjunctive combination of the three. *Geter v. State,* 779 S.W.2d 403, 406 (Tex.Crim.App.1989). Thus, the granting of appellee's motion to set aside the indictment had the legal effect of, and was equivalent to, dismissal. The trial court's order was therefore appealable by the State.

Appellee's first cross-point is overruled.

In his second cross-point, appellee alleges that the State failed to preserve any issue for our review because of the absence of a timely objection in the trial court.

After discussion with counsel regarding the merits of appellee's motion, the trial court stated, "The court is going to grant the motion to quash." The prosecutor then responded, "I will order a transcript. The State will appeal the court's ruling." The court then replied, "I'm going to be specific. I'm going to deny [paragraphs] I and III [of appellee's motion to quash]. I'm granting it as to paragraph II." The prosecutor said nothing further.

■■■ Appellee argues that under Texas Rule of Appellate Procedure 52(a), in order to preserve a complaint for appellate review, a party—whether defendant or State—must present the trial court a timely objection and obtain a ruling. He urges that, assuming the trial court entered an appealable order, the State was required to make an objection in order to preserve its complaint for appeal. We disagree. While rule 52(a) applies to evidentiary rulings, article 44.01 is the exclusive basis of the State's right to appeal the orders enumerated in 44.01(a)(1) through (5). The basis of the State's appeal under article 44.01(a)(1) is the trial court's *order* setting aside the indictment (which we find to be the equivalent of dismissal), not an objection by the State under rule 52(a).

Appellee's second cross-point is overruled.

Having determined that we have jurisdiction of this appeal, we proceed to address the State's sole point of error, which asserts that the trial court erroneously granted appellee's motion to set aside the indictment. The State urges that the indictment

provides sufficient notice to appellee, even in the face of a motion to set aside or quash, and that appellee was put on notice that he should prepare to defend a prosecution on all three theories of delivery.

A motion to quash, if granted, requires the State to replead and set out with greater specificity the manner and means of commission of an offense. *Geter*, 779 S.W.2d at 407 (an indictment that failed to allege which of the statutory negatives rendered the complainant's consent ineffective was insufficient to put a defendant on notice of theft charges against her); *Ferguson*, 622 S.W.2d at 851 (merely alleging "delivery" is insufficient to put defendant on notice of charges against him). When considering a motion to quash, the question is whether the indictment, on its face, sets forth in plain and intelligible language sufficient information to enable the accused to prepare his defense. *Daniels v. State*, 754 S.W.2d 214, 217 (Tex. Crim.App.1988).

Appellee relies upon *Ferguson* for authority that the State must specify a single theory of delivery upon which it will proceed, and may not specify all three statutory ways of effecting a delivery. However, authority exists to the contrary. The court of criminal appeals has held that "an indictment for the delivery of a controlled substance must specify which *type or types* of delivery the State would rely upon and need not allege the precise manner by which a specified type of delivery was performed." *Queen v. State*, 662 S.W.2d 338, 340 (Tex.Crim.App.1983) (emphasis in original). *Queen* noted that the State was not required to allege a single type of delivery, but rather, all types of delivery could have been pleaded in the indictment. *Id.*

In *Geter*, the court of criminal appeals reaffirmed its apparent holding in *Ferguson*:

In *Ferguson*, supra, we held that an indictment alleging delivery of a controlled substance is insufficient, when contested by a timely motion to quash for lack of notice, because delivery is statutorily defined in three different ways. Judge W.C. Davis, writing for the majority on rehearing, articulated the rationale. "Which type of 'delivery' the State will attempt to prove would be critical to the [defendant's] defense. The 'delivery' is the act by the [defendant] which constitutes the criminal conduct." *Id.*, 622 S.W.2d at 850 (opinion on rehearing). Therefore, an indictment for delivery of a controlled substance must allege whether the delivery is an offer to sell, constructive, or actual, *or any disjunctive combination of the three.*

*Geter*, 779 S.W.2d at 406 (emphasis added). Procedurally, a trial court can submit all three theories of delivery to the jury with only a general verdict form. *Aguirre v. State*, 732 S.W.2d 320, 322 (Tex.Crim.App. [Panel Op.] 1981) (general verdict form proper where indictment did not allege different offenses, but alleged different ways of committing same offense).

Clearly, the court of criminal appeals has anticipated that the State might plead all three theories in separate paragraphs, thereby placing a defendant on notice that he should prepare to defend against all three theories of delivery. This is consistent with the pleading practice in Texas: "A count may contain as many separate paragraphs charging the same offense as necessary, but no paragraph may charge more than one offense." Tex.Code Crim.P.Ann. art. 21.24(b) (Vernon 1989). Texas courts have long held that the State may plead alternate manners and means of the same offense. *Willis v. State*, 34 Tex. Crim. 148, 29 S.W. 787, 788 (1895).

The State's pleadings in this case provide sufficient notice to appellee that he should prepare to defend a prosecution on all three theories of delivery. *See Ferguson*, 622 S.W.2d at 851 ("assuming that the State did elect to allege each type of criminal conduct, the [defendant] would be put on notice that all types of delivery were going to be shown, or were possibly going to be shown, and he could prepare his defenses accordingly").

Appellee's claim that it is unfair to be put on notice as to all three possible theories of committing the offense of delivery of controlled substance is without merit.

The trial court erroneously granted appellee's motion to set aside the indictment.

The State's sole point of error is sustained.

The trial court's ruling is reversed, and the indictment is reinstated.