The STATE of Texas, Appellant,

v.

Michael CUELLAR, Appellee.

No. 3–90–273–CR.

Court of Appeals of Texas, Austin.

July 24, 1991.

Michael S. Wenk, Asst. Crim. Dist. Atty., San Marcos, for the State.

E. Ray Green, San Marcos, for appellee.

Before POWERS, JONES and ONION,* JJ.

* Before John F. Onion, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by as-

ONION, Justice (Retired).

This is an appeal by the State from an order quashing a motion to revoke probation and discharging appellee from probation. The State advances six points of error, but does not inform us under which section or subsection of article 44.01 of the Texas Code of Criminal Procedure it seeks to maintain this appeal. *See* Tex.Code Cr. P.Ann. art. 44.01 (Supp.1991).

In a cross-point, appellee urges that the trial court's order is not an appealable order under article 44.01. Since the State has a limited right of appeal, we shall discuss the cross-point first.

Article 44.01 provides in pertinent part:

(a) The state is entitled to appeal an order of a court in a criminal case if the order:

(1) dismisses an indictment, information, or complaint or any portion of an indictment, information or complaint;

(2) arrests or modifies a judgment;

(3) grants a new trial;

(4) sustains a claim of former jeopardy; or

(5) grants a motion to suppress evidence, a confession, or an admission, if jeopardy has not attached in the case and if the prosecuting attorney certifies to the trial court that the appeal is not taken for the purpose of delay and that the evidence, confession, or admission is of substantial importance in the case.

(b) The state is entitled to appeal a sentence in a case on the ground that the sentence is illegal.

(c) The state is entitled to appeal a ruling on a question of law if the defendant is convicted in the case and appeals the judgment.

(d) The prosecuting attorney may not make an appeal under Subsection (a) or (b) of this article later than the 15th day after the date on which the order, ruling, or sentence to be appealed is entered by the court.

(e) The state is entitled to a stay in the proceedings pending the disposition of an appeal under Subsection (a) or (b) of this article.

In a bench trial on May 25, 1989, the appellee entered a plea of nolo contendere to the complaint and information charging him with driving a motor vehicle in a public place while intoxicated. *See* Tex.R.Civ. Stat.Ann. art. 6701*l*–1 (Supp.1991). The trial court assessed punishment at two (2) years' confinement in the county jail and a fine of $500.00. The imposition of the sentence was suspended, and the appellee was placed on probation subject to certain conditions.

On April 11, 1990, the State filed a motion to revoke probation alleging violations of probationary conditions involving appellant's failure to complete an "ARC Course" and his failure to pay certain fees. On October 12, 1990, the appellee filed a joint motion to quash the motion to revoke probation and to discharge him from probation. The basis for appellee's motion to quash was an error in the State's revocation motion as to the date of conviction. On the same date, the trial court conducted a hearing.

After listening to the argument of counsel, the trial court entered the following order:

On this the 11th day of October, 1990,[1] came on to be heard defendant's Motion to Quash The State's Motion To Revoke, and Discharge The Defendant From Probation, and it appears to the court that this motion should be GRANTED, the defendant herein is discharged from probation.

/s/ C.B. Lilly
Judge Presiding

■ The State argues that the trial court erred in granting the motion to quash because the "clerical error" in its revocation motion as to the correct date of the original conviction was not a fatal error, and that the trial court could have taken "judicial

---

signment. *See* Tex.Gov't Code Ann. § 74.003 (1988).

**1.** It appears that the trial judge placed the wrong date in the order form. The hearing was held and the order entered on October 12, 1990. About this there is no dispute in the record.

notice" of the correct date of conviction. *See Guillot v. State,* 543 S.W.2d 650, 652 (Tex.Cr.App.1976); *Mason v. State,* 495 S.W.2d 248, 250 (Tex.Cr.App.1973); *Farran v. State,* 744 S.W.2d 327, 328 (Tex.App. 1988, no pet.). A motion to revoke probation[2] is not, however, an indictment,[3] information,[4] or complaint.[5] It is a different type of State pleading. Thus, the granting of a motion to quash or dismiss a motion to revoke probation is not tantamount to the dismissal of an indictment, information or complaint. *Cf. State v. Moreno,* 807 S.W.2d 327 (Tex.Cr.App.1991); *State v. Eaves,* 800 S.W.2d 220 (Tex.Cr.App.1990); *State v. Hancox,* 762 S.W.2d 312, 314 (Tex. App.1988, pet. ref'd); *State v. Alaniz,* 754 S.W.2d 406 (Tex.App.1988, no pet.). The State has a right to appeal an order of the trial court dismissing an indictment, information or complaint or any portion of such instruments, *see* art. 44.01(a)(1), and the Court of Appeals has jurisdiction over such appeals. *See State v. McKinney,* 803 S.W.2d 374, 376 (Tex.App.1990, no pet.). The State, however, has no right to appeal an order granting a motion to quash a revocation of probation motion. Appellee's cross-point is sustained in part.

■ Appellee also urges that the State has no authority to appeal that portion of the trial court's order terminating probation and discharging him.

Section 23 of article 42.12 of the Texas Code of Criminal Procedure provides in pertinent part:

At any time, after the defendant has satisfactorily completed one-third of the original probationary period or two years of probation, whichever is the lesser, the period of probation may be reduced or terminated by the court. Upon the satisfactory fulfillment of the conditions of probation, and the expiration of the period of probation, the court, by order duly entered, shall amend or modify the original sentence imposed, if necessary, to conform to the probation period and shall discharge the defendant. In case the defendant has been convicted or has entered a plea of guilty or a plea of nolo contendere to an offense other than an offense under Subdivision (2), Subsection (a), Section 19.05, Penal Code, or an offense under Article 6701*l*–1, Revised Statutes, and the court has discharged the defendant hereunder, such court may set aside the verdict or permit the defendant to withdraw his plea, and shall dismiss the accusation, complaint, information or indictment against such defendant, who shall thereafter be released from all penalties and disabilities resulting from the offense or crime of which he has been convicted or to which he has pleaded guilty, except that:

(1) proof of his said conviction or plea of guilty shall be made known to the court should the defendant again be convicted of any criminal offense;

Tex.Code Cr.P. art. 42.12, § 23 (Supp.1991).

Appellee argues that the trial court had the statutory authority to act on its own motion and discharge him since the record clearly showed that he had satisfactorily completed one-third or more of his probationary period. The order does not spell out the reasons for the discharge. An order form attached to appellee's motion to quash and to discharge was utilized. The discharge motion was a collateral attack upon the conviction claiming that the jurat to the complaint was defective and further that the information failed to allege the name of the complaining witness. The State argues that there were no errors or irregularities in the pleadings, and further that the appellee was barred from raising these contentions on appeal or in any postconviction proceedings because he did not object to any defect, error or irregularity of form or substance in the information before the date of the trial in which he was convicted. *See* Tex.Code Cr.P.Ann. art. 1.14(b) (Supp.1991); *Tovar v. State,* 777

**2.** *See generally* Tex.Code Cr.P.Ann. art. 42.12, § 24 (Supp.1991).

**3.** *See generally* Tex.Code Cr.P.Ann. arts. 21.01–21.04 (1989).

**4.** *See generally* Tex.Code Cr.P.Ann. arts. 21.20–21.23 (1989).

**5.** *See generally* Tex.Code Cr.P.Ann. arts. 15.04, 15.05, and 21.22 (1977).

S.W.2d 481, 486 (Tex.App.1989, pet. ref'd); *Hill v. State,* 750 S.W.2d 2, 5 (Tex.App. 1988, pet. ref'd).[6]

The State, while not specifically discussing its right of appeal, contends that the discharge order in effect dismissed the original complaint and information. Appellee argues, however, that the trial court had the authority under the statute (art. 42.12, § 23) to discharge him on its own motion. We note the general nature of the order and the absence of findings. There are no express provisions in the order attempting to dismiss the complaint and information. Indeed, the statute prohibits the trial court from taking such action when the conviction, as here, is for an offense under art. 6701*l*-1. Since the order of discharge did not dismiss the complaint and information, the State has no right of appeal from the order under art. 44.-01(a)(1).

■ The question remains whether the State has the right to appeal from the order under art. 44.01(a)(2). Did the order arrest or modify the judgment? The order did not by its express provisions alter the wording of the judgment itself. The judgment was left intact and as a matter of court record. It would be blinking at reality, however, to say that the order neither arrested nor modified the judgment. The order terminated the probation earlier than stated in the judgment. It was tantamount to an arrest or modification of the judgment. *Cf. State v. Moreno,* 807 S.W.2d 327 (Tex.Cr.App.1991). Thus, the State had the right of appeal from the discharge order under art. 44.01(a)(2). The cross-point is overruled in part.

■ Nevertheless, the appellee is correct that the trial court may terminate probation and discharge the probationer on the court's own motion. *See* Tex.Code Cr. P.Ann. 42.12, § 23 (Supp.1991). In doing so, the court may take "judicial notice" of its own records, *Mason v. State,* 495 S.W.2d 248, 250 (Tex.Cr.App.1973), and de-termine whether a defendant has satisfactorily completed one-third or more of the probationary period. The thrust of article 42.12 is to place the governance of the probation system within the discretion of the judges of the criminal courts. *See* Atty.Gen.Op.J.M. 194 (1984).

■ The State argues that the discharge order was based on the erroneous claim that the State's original pleadings (complaint and information) were defective, a claim that appellee was barred from raising. *See* Tex.Code Cr.P.Ann. art. 1.14(b) (Supp.1991). Thus, the State contends the discharge order should be set aside. If a decision is correct on any theory of law applicable to the case, it will not be disturbed on appeal. *Callaway v. State,* 743 S.W.2d 645, 651–52 (Tex.Cr.App.1988). The mere fact that a correct ruling is given for the wrong reason will not result in a reversal. *Miles v. State,* 488 S.W.2d 790, 792 (Tex.Cr.App.1972). The reviewing court may properly sustain the trial court's action on a theory that was never considered by the parties or the trial court. *Wilson v. State,* 692 S.W.2d 661, 671 (Tex.Cr.App. 1984). Although the State had a right to appeal the order discharging the appellee from probation, there was an adequate legal basis for such order. Appellant's points of error addressed to the claimed invalidity of the order on some other basis need not be reached or considered.

To recapitulate, the cross-point is sustained in part, and overruled in part. The State had no right of appeal from the order quashing the revocation motion. It did, however, have a right to appeal the order terminating probation and discharging the appellee. There was, however, an adequate legal basis for the court's discharge order. The order is affirmed.

---

**6.** Cases decided on appeal before the 1985 amendment to article 1.14 should be compared. *See, e.g., Lee v. State,* 589 S.W.2d 710 (Tex.Cr. App.1979); *Rejcek v. State,* 545 S.W.2d 164 (Tex. Cr.App.1976); *Standley v. State,* 517 S.W.2d 538 (Tex.Cr.App.1975); *Evans v. State,* 690 S.W.2d 112 (Tex.App.1985, pet. ref'd).