Mr. W. Asa Hutchinson Republican Party of Arkansas One Riverfront Place, Suite 550 North Little Rock, Arkansas 72114
Dear Mr. Hutchinson:
This is in response to your request, received by this office on January 16, 1992, for certification pursuant to A.C.A. § 7-9-107, of the following popular name and ballot title:
(Popular Name)
THE RECALL OF ELECTED OFFICIALS AMENDMENT
(Ballot title)
 AN AMENDMENT TO THE CONSTITUTION OF THE STATE OF ARKANSAS TO ALLOW THE RECALL BY SPECIAL ELECTION AFTER THE FIRST YEAR OF THE TERM OF OFFICE OF PERSONS ELECTED TO ANY STATE, DISTRICT, COUNTY, TOWNSHIP, MUNICIPAL, SCHOOL DISTRICT, OR OTHER PUBLIC OFFICE; TO PROVIDE FOR SAID SPECIAL ELECTION TO BE CALLED UPON PETITION OF ELECTORS; TO PROVIDE FOR THE FORM OF THE PETITION AND THE CERTIFICATION THEREOF; TO PROVIDE FOR THE FORM OF THE BALLOT; TO PROVIDE FOR THE FILLING OF VACANCIES IN THE MANNER PRESCRIBED BY LAW FOLLOWING THE RECALL OF SUCH ELECTED OFFICIAL; TO PROHIBIT FURTHER RECALL PETITIONS AGAINST THE SAME ELECTED OFFICIAL DURING THE SAME TERM OF OFFICE AFTER ONE PETITION AND SPECIAL ELECTION.
The Attorney General is required pursuant to Section 7-9-107 to approve and certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, or if the proposed popular name and ballot title are sufficiently misleading, the entire petition may be rejected.
Section 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment or likelihood that it will accomplish its stated objective. Consequently, this review has been limited to determining whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed amendment.
The purpose of my review and certification is to insure that the popular name and ballot title honestly, intelligently, and fairly set forth the purpose of the proposed amendment. See ArkansasWomen's Political Caucus v. Riviere, 282 Ark. 463, 466,677 S.W.2d 846 (1984). The popular name is primarily a useful legislative device. Pafford v. Hall, 217 Ark. 734,233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions which might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaney v. Bryant, 259 Ark. 294, 532 S.W.2d 741
(1976); Moore v. Hall, 229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining its sufficiency. Id.
A ballot title must include an impartial summary of the proposed amendment which will give the voter a fair understanding of the issues presented. Hoban v. Hall, 229 Ark. 416, 417,316 S.W.2d 185 (1958); Becker v. Riviere, 270 Ark. 219, 223, 226,604 S.W.2d 555 (1980). It has been stated that the ballot title must contain any information that would "give the elector `serious ground for reflection'". Finn v. McCuen, 303 Ark. 418,798 S.W.2d 314 (1990), citing Gaines v. McCuen, 296 Ark. 513,758 S.W.2d 403 (1988). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v.McCuen, 303 Ark. 482, 789 S.W.2d 71 (1990) citing Leigh v.Hall, 232 Ark. 558, 339 S.W.2d 104 (1960).
It is my opinion that the proposed popular name, although it fairly and accurately characterizes your amendment, should be modified due to the fact that another proposed constitutional amendment, certified by this office on April 30, 1991, currently carries this exact popular name. In an attempt to avoid any potential confusion, or legal challenge, this submitted popular name is hereby rejected and the following substituted in its place:
 (Popular Name) AN AMENDMENT TO PROVIDE FOR THE RECALL OF ELECTED OFFICIALS
It is my opinion, additionally, that the proposed ballot title should be modified and expanded to give the electorate a more complete understanding of the issues presented. The proposed ballot title is therefore rejected, and the following substituted in its place:
(Ballot Title)
 AN AMENDMENT TO THE CONSTITUTION OF THE STATE OF ARKANSAS TO ALLOW RECALL BY SPECIAL ELECTION AFTER THE FIRST YEAR OF THE TERM OF OFFICE OF PERSONS ELECTED TO ANY STATE, DISTRICT, COUNTY, TOWNSHIP, MUNICIPAL, SCHOOL DISTRICT, OR OTHER PUBLIC OFFICE; TO PROVIDE FOR SAID SPECIAL ELECTION TO BE CALLED AS TO STATEWIDE OFFICERS BY PETITION OF QUALIFIED VOTERS IN A NUMBER EQUAL TO TWENTY-FIVE PERCENT (25%) OF THE VOTES CAST FOR GOVERNOR AT THE LAST GENERAL ELECTION AT WHICH A GOVERNOR WAS ELECTED, AND INCLUDING SIGNATURES OF QUALIFIED ELECTORS FROM EACH OF FIFTEEN COUNTIES IN THE STATE EQUAL IN NUMBER TO AT LEAST SEVEN AND ONE-HALF PERCENT (7 1/2%) OF THE VOTES CAST FOR GOVERNOR IN EACH COUNTY AT SUCH ELECTION; TO PROVIDE FOR A SPECIAL RECALL ELECTION AS TO OTHER OFFICIALS UPON PETITION OF THE QUALIFIED ELECTORS OF THE COUNTY, DISTRICT, TOWNSHIP, MUNICIPALITY, OR SCHOOL DISTRICT IN WHICH THE ELECTED OFFICIAL IS SERVING EQUAL TO AT LEAST TWENTY-FIVE PERCENT (25%) OF THE VOTES CAST FOR GOVERNOR (IN THE LAST GENERAL ELECTION AT WHICH A GOVERNOR WAS ELECTED) IN THE RESPECTIVE COUNTY, DISTRICT, TOWNSHIP, MUNICIPALITY OR SCHOOL DISTRICT WHICH THE ELECTED OFFICIAL SERVES; TO PROVIDE THAT PETITIONS SEEKING TO RECALL STATE OR DISTRICT ELECTED OFFICIALS SHALL BE FILED WITH THE SECRETARY OF STATE, AND THAT PETITIONS SEEKING TO RECALL OTHER ELECTED OFFICIALS SHALL BE FILED WITH THE COUNTY BOARD OF ELECTION COMMISSIONERS; PRESCRIBING THE FORM OF THE PETITION SUBSTANTIALLY REQUIRED, AS WELL AS THE FORM OF VERIFICATION BY CIRCULATORS, AND PROVIDING THAT CLERICAL AND TECHNICAL ERRORS IN THE FORMS MAY BE DISREGARDED; TO PROVIDE THAT THE SUFFICIENCY OF THE PETITION SHALL BE DETERMINED WITHIN FIFTEEN (15) DAYS OF THE FILING THEREOF; TO PROVIDE FOR THE ATTACHMENT OF A CERTIFICATE BY THE APPROPRIATE OFFICIAL EITHER CERTIFYING THE SUFFICIENCY OF THE PETITION OR DESCRIBING THE PARTICULARS OF THE INSUFFICIENCY; TO PROVIDE FOR AMENDMENT OF INSUFFICIENT PETITIONS WITHIN THIRTY (30) DAYS OF THE ATTACHING OF THE CERTIFICATE; TO PROVIDE THAT THEREAFTER THE SUFFICIENCY OF AN AMENDED PETITION SHALL BE DETERMINED WITHIN TWO (2) DAYS; TO PROVIDE THAT ONCE THE SUFFICIENCY IS DECLARED, THE EXAMINING OFFICIAL SHALL NOTIFY THE APPROPRIATE AUTHORITY WHO SHALL CALL A SPECIAL ELECTION ON THE QUESTION IN THE MANNER PROVIDED BY LAW; TO PROVIDE THE FORM OF THE BALLOT AT THE SPECIAL ELECTION; TO PROVIDE FOR AN IMMEDIATE VACANCY IN ANY POSITION IN WHICH THE INCUMBENT IS RECALLED PURSUANT TO THIS AMENDMENT, AND FOR THE FILLING OF THE VACANCY AS PROVIDED BY LAW; TO PROVIDE THAT AFTER THE FILING AND HOLDING OF ONE RECALL PETITION AND SPECIAL ELECTION NO FURTHER PETITION SHALL BE FILED AGAINST THE SAME ELECTED OFFICIAL DURING THE SAME TERM OF OFFICE; TO PROVIDE THAT COUNTIES SHALL BEAR THE EXPENSE OF SPECIAL ELECTIONS UNDER THIS AMENDMENT, EXCEPT THAT IN CASE OF ELECTIONS FOR THE RECALL OF OFFICIALS OF MUNICIPALITIES, SCHOOL DISTRICTS, OR OTHER LOCAL DISTRICTS, THE MUNICIPALITY, SCHOOL DISTRICT, OR OTHER LOCAL DISTRICT SHALL REIMBURSE THE COUNTY; TO MAKE THIS AMENDMENT EFFECTIVE JANUARY 1, 1993, AND FOR OTHER PURPOSES.
Pursuant to A.C.A. § 7-9-103, instruction to canvassers and signers are enclosed herewith.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
Enclosure