**Opinion filed February 7, 2013**



In The

# Eleventh Court of Appeals

_____

## No. 11-12-00350-CR

_____

## STATE OF TEXAS, Appellant

## V.

## RICKY CARL STEPHENS, Appellee

**On Appeal from the 385th District Court**

**Midland County, Texas**

**Trial Court Cause No. CR32855**

## M E M O R A N D U M   O P I N I O N

The State filed this appeal attempting to challenge the trial court's orders dismissing and then denying the State's motion to revoke Ricky Carl Stephens's community supervision. Upon receiving the record in this case, we noted that the notice of appeal from the denial of the State's motion was not timely filed pursuant to TEX. R. APP. P. 26.2. We also noted that this court appeared to lack jurisdiction pursuant to Article 44.01(a), (d), and (i) of the Code of Criminal Procedure. TEX. CODE CRIM. PROC. ANN. art. 44.01(a), (d), (i) (West Supp. 2012). We notified the parties of the defects and requested that the State respond on or before January 15, 2013, showing grounds to continue this appeal. The State has not responded. We dismiss the appeal.

The record shows that the trial court first entered an order dismissing the State's motion on November 1, 2012, and that the State filed a notice of appeal from that dismissal order on November 20, 2012. The record also shows that the trial court then entered an order on November 15, 2012, rescinding its previous order of dismissal and denying the State's motion. The State sought to appeal this order by filing a notice of appeal on December 10, 2012. Both of the notices of appeal were signed by an assistant district attorney, and the notice of appeal from the trial court's order denying the State's motion was not filed within twenty days of that order.

This appeal must be dismissed for a variety of reasons. Article 44.01 requires that a State's notice of appeal be signed by the prosecuting attorney, not an assistant, and be filed not later than the 20th day after the date on which the order was entered. Article 44.01(d), (i); *State v. Muller*, 829 S.W.2d 805 (Tex. Crim. App. 1992) (addressing both the signing of the notice of appeal by someone other than the elected district attorney and the timeliness of the notice of appeal, which was a fifteen-day period under the statute at that time). The State's right to appeal is further limited by Article 44.01(a) and (b). Pursuant to Article 44.01(a), the State may only appeal from an order if the order dismisses an indictment, information, or complaint or a portion thereof; arrests or modifies a judgment; grants a new trial; sustains a claim of former jeopardy; grants a motion to suppress evidence; or is issued under TEX. CODE CRIM. PROC. ANN. ch. 64 (West 2006 & Supp. 2012) (involving a motion for forensic DNA testing). Article 44.01(b) authorizes the State to appeal on the basis that a sentence is illegal. Article 44.01 does not entitle the State to appeal from an order denying a motion to revoke probation. *See State v. Cuellar*, 815 S.W.2d 295, 297 (Tex. App.—Austin 1991, no pet.) (concluding that the State "has no right to appeal an order granting a motion to quash a revocation of probation motion").

Article 44.01 is jurisdictional. *See Muller*, 829 S.W.2d at 813. Because the State has not complied with Article 44.01 in this case, we are not authorized to entertain this appeal.

The appeal is dismissed for want of jurisdiction.


February 7, 2013                                                    PER CURIAM

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Willson, J.