## R. H. DARNELL v. THE STATE.

No. 2796. Decided November 26, 1913.

Rehearing granted and affirmed December 17, 1913.

**1.—Indecent Language—Recognizance—Words and Phrases.**

Where the words "in this case" were omitted in the recognizance, the same was defective; however, a sufficient recognizance being filed thereafter, the appeal is reinstated.

**2.—Same—Indecent Language—Telephone—Statutes Construed.**

Where defendant was convicted under article 471, Penal Code, for using indecent, etc., language over the telephone by using the word, "son-of-a-bitch," the same constituted an offense, and it was not necessary that such word was used in anger or otherwise, or to the person to whom he was talking.

**3.—Same—Indecent Language—Case Stated.**

Where, upon trial of using indecent language, etc., over a telephone, the evidence showed that the defendant used the word, "son-of-a-bitch," the conviction was sustained.

Appeal from the County Court of Haskell. Tried below before the Hon. A. J. Smith.

Appeal from a conviction of using obscene and indecent language over the telephone; penalty, a fine of $5.

The opinion states the case.

*W. H. Murchison,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, PRESIDING JUDGE.—Appellant was convicted under an indictment charging that he unlawfully used vulgar, obscene, profane and indecent language over and through a telephone.

The Assistant Attorney-General makes the point that this court has no jurisdiction because the recognizance is not in compliance with the statute in that it leaves off the three words "in this case" in the form prescribed by the statute, article 919, C. C. P.

In the opinion of the writer this should not have been held a fatal defect in the recognizance. However, this court has in so many cases held this defect fatal and dismissed the cases because thereof that the court

is not now willing to overrule all these cases. We cite some of them. Cryer v. State, 36 Texas Crim. Rep., 621; Brock v. State, 72 S. W. Rep., 599; Page v. State, 77 S. W. Rep., 1134; Bradley v. State, 72 S. W. Rep., 1133; Mason v. State, 74 S. W. Rep., 25; Heinen v. State, 74 S. W. Rep., 776; Mallard v. State, 83 S. W. Rep., 1114; Armstrong v. State, 77 S. W. Rep., 446; Fortenberry v. State, 72 S. W. Rep., 586; Fortenberry v. State, 72 S. W. Rep., 588; Adams v. State, 44 Texas Crim. Rep., 534.

Under the circumstances this court has no jurisdiction of this appeal and the case is therefore dismissed.

*Dismissed.*

### ON REHEARING.

#### December 17, 1913.

PRENDERGAST, Presiding Judge.—Since this case was dismissed. for an insufficient recognizance, appellant has had it corrected and now brings the proper evidence of a sufficient recognizance entered into in the lower court. His motion to set aside the former dismissal of this case and now decide the case on the merits is, therefore, granted.

The statute under which appellant was convicted was passed in 1909, and is now article 471, Penal Code, as follows: "If any person shall use any vulgar, profane, obscene or indecent language over or through any telephone in this State, he shall be guilty of a misdemeanor, and, on conviction, shall be fined in any sum not less than five dollars nor more than one hundred dollars." The lowest penalty was assessed against appellant.

The uncontradicted proof introduced by both sides shows that on April 30, 1913, appellant, who was a subscriber of the telephone company, called up, on a party line, Mr. Dinsmore and discussed with him over and through the phone the insufficient service the phone company was giving to its subscribers, and said: "I think I know what the trouble is but I don't know where it is from. Like the fellow that went into the saloon and shot it up and shouted I am son-of-a-bitch from Texas and the saloon man replied I knew you were but did not know where you were from." At least two others on this party line heard this conversation at the time. One of the witnesses, at least, says appellant used the word "son-of-a-bitch" twice.

It is well known that the telephone exchanges in this State are in charge of, and operated by young ladies, almost exclusively. It was evidently the intention of the Legislature to protect these young ladies, as well as the patrons of the telephone companies, when in use by any person, from hearing any vulgar, profane, obscene or indecent language used over it, and that the proper way to prevent this was to make it an offense and punish the person who used any such language. It makes no difference whether such person at the time is in anger or otherwise, or uses such language to and of the person to whom he is talking.

The language used was not profane, but it was certainly indecent,

vulgar and obscene. The lexicographers define "indecent" substantially .as: "Not decent; unfit to be heard; offensive to modesty and delicacy." "Vulgar" as: "Lacking cultivation or refinement; offensive to good taste, or refined feelings; low; coarse." "Obscene" as: "Offensive to chastity or modesty; expressing or presenting to the mind or view something which delicacy, purity and decency forbid to be exposed; offensive to the senses; repulsive; disgusting; foul; filthy; offensive to modesty .and decency."

Appellant contends that the word "son-of-a-bitch" used by appellant, taken separately or as a collective phrase is neither profane, indecent, vulgar, nor obscene, and that the language of appellant, at most, is only rude and uncouth and not comprehended by the statute.

The court expressly charged the jury that they could not convict appellant, unless they believed from the evidence, beyond a reasonable doubt, that such word constituted either vulgar, profane, obscene, or indecent language.

We think appellant's contention can not and should not be maintained, but that the jury found correctly. We have no doubt but that in contemplation of this law, the language used was vulgar, obscene and indecent.

There is no other question raised in such a way that we can review it. The judgment is affirmed.

*Affirmed.*