George William **COURTEMANCHE,**
Appellant,

v.

**The STATE of Texas, Appellee.**

No. 47356.

Court of Criminal Appeals of Texas.

March 27, 1974.

Rehearing Denied April 17, 1974.

Ronald A. Monshaugen, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Mike Schneider, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

OPINION

ODOM, Judge.

Appellant was convicted of a violation of the liquor laws (Art. 667–19B(g), Vernon's Ann.P.C.), and was assessed a fine of one hundred dollars.

Appellant asserts the statute upon which he stands convicted is unconstitutionally vague, and urges reversal. Article 667–19B, supra, in relevant part provides:

"For the purposes contemplated by this Act, conduct by any person at a place of business where the sale of beer at retail is authorized that is lewd, immoral, or offensive to public decency is hereby declared to include but not be limited to the following prohibited acts; and it

shall be unlawful for any person engaged in the sale of beer at retail, or any agent, servant, or employee of said person, to engage in or to permit such conduct on the premises of the Retailer:

\* \* \* \* \* \*

"(g) Permitting entertainment, performances, shows, or acts that are lewd or vulgar."

In Irven v. State, 138 Tex.Cr.R. 368, 136 S.W.2d 608 (1940), this court considered the predecessor to the provision here under challenge in an appeal from a conviction:

" . . . upon a charge denounced by section 19, subdivision (e) of Article 667 of the Penal Code, authorizing the cancellation of the license by the Texas Liquor Control Board when it is found that one has: 'Permitted at his place of business any conduct by any person whatsoever that is lewd, immoral, or offensive to public decency'."

It was there held this provision was too indefinite and uncertain to be enforceable. Later, in Chapa v. State, 170 Tex.Cr.R. 509, 342 S.W.2d 430 (1961), this court observed:

"Art. 667–19B, V.A.P.C., enacted after the Irven case was decided, relieves the uncertainty in said [Article 667–19] Subsection [A] 7 only as to the acts and conduct there enumerated and made unlawful."

The question here presented is whether one of the "acts and conduct there enumerated," to-wit, "permitting entertainment, performances, shows or acts that are lewd or vulgar," is itself too vague to be enforceable.

■ "Lewd" and "vulgar" are not defined in the statute, and therefore are to be given their ordinary meaning. Art. 8, V.A.P.C. So doing, we find Article 667–19B(g), supra, void for vagueness. When used to describe conduct, and as the sole description of the conduct, as in the instant statutory provision, "lewd or vulgar" is simply so vague "that men of common intelligence must guess as to its meaning and differ as to its application." Ex parte Chernosky, 153 Tex.Cr.R. 52, 217 S.W.2d 673 (1949).

■ Although "vulgar" has been held to mean "lacking cultivation or refinement; offensive to good taste or refined feelings; low; coarse," (Darnell v. State, 72 Tex. Cr.R. 271, 161 S.W. 971 (1913)), the terms in that definition only serve to point out even more clearly how vague the term is in application. Indeed, under such a definition some segments of the population could well find *any* form of barroom entertainment to be vulgar.

"Lewd," on the other hand, is not always so vague in application. In Slusser v. State, 155 Tex.Cr.R. 160, 232 S.W.2d 727, 730, in language quoted with approval in O'Neal v. State, Tex.Cr.App., 421 S.W.2d 391, this court held:

"The words 'lewd' and 'lascivious' are not defined in the statutes and must therefore be given their ordinary meaning to be arrived at in part by a determination of the legislative intent in the use of the words in the particular statute.

"As so determined, the term 'lewd or lascivious manner' means in a vulgar manner inciting sexual desire or appetite, and connotes lust, indecency and sexual indulgence. The words 'lewd' and 'lascivious' are similar in meaning and signify that form of immorality which has relation to sexual impurity."

That case concerned interpretation of the sodomy statute, Article 524, V.A.P.C., and O'Neal v. State, supra, concerned interpretation of Article 535b, V.A.P.C. Both concerned interpreting "lewd" or "lascivious" not as the sole descriptive element of an offense, but as an integral part of a statute describing the conduct prohibited and further conditioning the prohibition on the additional element of a lewd or lascivious manner or of a lascivious intent. Here,

however, lewd and vulgar are the only terms descriptive of the prohibited conduct.

The statute in *Slusser,* supra, prohibited "the use of his own sexual parts in a lewd or lascivious manner by any minor." In the context of such acts, whether a particular act is done in a lewd or lascivious manner is not a question beset with vagueness. The statement of the primary act, to-wit, the use of one's sexual parts, tends to limit the understanding and reduce the inherent vagueness of "lewd" standing alone. The prohibition of entertainment, performances, shows or acts which are lewd, on the other hand, does nothing to reduce the inherent vagueness of the term but, to the contrary, leaves open the full range of that vagueness, for it is precisely in its application to general activities such as entertainment that the vagueness of "lewd" is greatest.

Thus, in following the suggestion in *Slusser*, supra, by attempting to ascertain the legislative intent in the use of "lewd" in terms of its context in the instant statute, we are left with no assistance beyond the word itself, which alone is too vague.

The State in summary fashion asserts that California v. LaRue, 409 U.S. 109, 93 S.Ct. 390, 34 L.Ed.2d 342, is applicable in this case. That decision concerned itself with the question of unconstitutional overbreadth in the area of First Amendment rights by state regulation under the Twenty-first Amendment. An examination of that opinion and the state regulations there challenged would make it clear that no issue of vagueness was under consideration.

We further observe that our holding in West v. State, Tex.Cr.App., (February 13, 1974, No. 45,090) is of no benefit to the State in the instant case. The statute there under consideration specifically defined the term "obscenity." In contrast, "lewd" and "vulgar" are not defined in the statute here under consideration, so those terms must be understood in "the sense in which they are understood in common language, taking into consideration the context and subject matter relative to which they are employed." Art. 8, V.A.P.C. As stated in the above discussion, the context in which those terms appear does nothing to aid us in narrowing their inherent vagueness. Accordingly, the statute is too vague to give due notice of the conduct prohibited.

For the reasons stated the judgment is reversed and the prosecution ordered dismissed.