Steven Edward **SMYKAY**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 04–93–00779–CR.

Court of Appeals of Texas,
San Antonio.

March 15, 1995.

Rehearing Denied April 24, 1995.

1.   Justice David Peeples not participating.

Morris J. Kirschberg, Morris J. Kirschberg, P.C., San Antonio, for appellant.

Steven C. Hilbig, Crim. Dist. Atty., Margaret M. Fent, Asst. Crim. Dist. Atty., San Antonio, for appellee.

Before CHAPA, C.J., and PEEPLES[1] and HARDBERGER, JJ.

HARDBERGER, Justice.

Stephen Edward Smykay, a clinical social worker, was convicted for the offense of public lewdness. The acts that the jury found that Smykay did were to a patient, and occurred within the professional office of Smykay without anyone else being present. Because we feel that the elements of the public lewdness offense do not fit the facts of this case, we reverse and render.

## Facts

Christine Rodriguez, a 24–year–old nurse's aide, tested positive for marijuana use while being treated for a work related injury. Her employer required her to attend four counseling sessions with Smykay. Smykay saw her on three occasions, but seemed to be much more interested in her sexually than treating any drug problems. He gave her a vibrator and a "how to" sex film, which were later found by her husband and caused marital discord. During the third session Smykay attempted to hypnotize her unsuccessfully and told her to open her legs and play with herself. When Rodriguez did not do so, Smykay professed his deep attraction for her, massaged her back, touched her breasts and invited her to have sex with him. She refused, saying she was dirty from work but would do so at the next appointment. All of this happened in Smykay's office with the door closed and no one present other than the two of them. There was no next appointment because Rodriguez told both her husband and her job supervisor of Smykay's behavior. Smykay was subsequently convicted for the offense of public lewdness.

## Discussion

The crime of public lewdness is defined in relevant part as follows:

(a) A person commits an offense if he knowingly engages in any of the following acts in a public place or, if not in a public place, he is reckless about whether another is present who will be offended or alarmed by his ...

(3) act of sexual contact ...

TEX. PENAL CODE ANN. § 21.07 (Vernon 1989).

■ There is no dispute that Smykay's conduct did not occur in a public place. There is also no dispute that no third party was present to be "offended or alarmed." The State maintains that "whether another is present" refers to the complainant, Rodriguez. We cannot agree with this.

A case on point is *Hines v. State*, 880 S.W.2d 178 (Tex.App.—Texarkana 1994). Hines was also convicted of public lewdness when, deep in the woods, he had sexual contact with a child younger than seventeen years. There, as in this case, the State's position was that the child victim was the other person present who might have been offended or alarmed. The court stated: "That position is untenable in light of the history and wording of the public lewdness statute." *Hines*, 880 S.W.2d at 180.

■ There are cases where the complaining witness is "the other person present", but that is when the act occurred in a public place. An example is when a police officer is sexually touched in an adult bookstore. These cases are prosecuted based on the public nature of the place where the incident occurred. *Cammack v. State*, 641 S.W.2d 906 (Tex.Crim.App.1982); *Green v. State*, 566 S.W.2d 578 (Tex.Crim.App.1978); *Westbrook v. State*, 624 S.W.2d 294 (Tex.App.—Dallas 1981).

The court knows of no cases where a person has been successfully convicted of public lewdness and the act occurred in a private place with no one present except the actor and the victim. It is unlikely that there will be one. If every unwanted sexual overture that took place in a private place made the actor guilty of public lewdness, the State would be gripped in a giant crime wave. The government intrusion on private lives would be intolerable because it would reach into the parlor of every home. "[L]aws such as this one seek to 'prevent a course of conduct which in public estimation, constitutes an example detrimental to the morals of the community.'" *Reynolds v. State*, 856 S.W.2d 547, 548 (Tex.App.—Houston [1st Dist.] 1993).

We are not to be understood as approving Smykay's reprehensible behavior. A person in the position of a health care provider is in a unique position of trust and responsibility to his or her patient. Violating that trust is a total betrayal of the trusting patient. The legislature, since the act in this case occurred, has criminalized any sexual conduct between a mental health care provider and patient as of September 1, 1993. TEX. PENAL CODE § 21.14 (Vernon 1994). Even before the passage of this bill, Smykay's act was a crime. His conduct met all the elements of an assault. But, for whatever reason, the State did not prosecute for that crime, but instead chose an offense that does not match the facts in this case.

As there is insufficient evidence to prove the essential elements of the charged offense of public lewdness, this court has no alternative but to reverse and render a judgment of acquittal.

It is so ordered.