NO. 07-01-0499-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



APRIL 9, 2002



______________________________




RONALD ELAN MARTIN, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;



NO. 29,388-A; HONORABLE DAVID GLEASON, JUDGE



_______________________________


 

Before QUINN and REAVIS and JOHNSON, JJ.

 On December 17, 2001, a copy of a Notice of Appeal in cause No. 29,388-A in the
47th District Court of Potter County, Texas (the trial court), was filed with the clerk of this
court (the appellate clerk). The document filed gives notice that Ronald Elan Martin,
appearing pro se, desires to appeal from a "Motion to Compel Enforcement of Court
Acceptance of Plea Bargain" which the Notice of Appeal alleges was filed on November
16, 2001. On January 7, 2002, a docketing statement was filed with the appellate clerk
which sets out that the appeal is from "Motion to Compel Plea Agreement," does not set
out the date of any order from which appeal is taken, does not indicate whether any order
from which appeal is taken disposes of all parties and issues, and does not indicate that
appellant has filed an affidavit of indigency. 

 By letter dated January 7, 2002, the District Clerk of Potter County (the trial clerk)
advised the appellate clerk that (1) no order had been filed as to the "Motion to Compel
Enforcement of Court Acceptance of Plea Bargain," and (2) the trial clerk had not received
either an order from the trial court to prepare a record or payment from appellant for
preparation of a record. An extension of time was granted for filing the clerk's record until
February 14, 2002. By letter dated February 13, 2002, the trial clerk advised the appellate
clerk that the trial court had not entered an order directing the preparation of a record,
appellant had not made any payments for preparation of a record, appellant had not filed
an affidavit of indigency, and that a clerk's record was not being forwarded to the appellate
clerk. The clerk's record has not been filed. 

 By letter dated February 21, 2002, appellant and the State were notified that further
proceedings in the appeal had been abated pending consideration by this court of its
jurisdiction over the appeal, that the court would consider its jurisdiction over the appeal
on or after March 25, 2002, and that any matters the parties desired this court to consider
on the question of appellate jurisdiction should be submitted on or before March 22, 2002. 
Appellant filed a brief on March 22, 2002, addressing the jurisdiction issue. 

 Appellant's brief affirms that his notice of appeal relates to a motion pending in the
trial court but on which the trial court has not acted. He does not assert via his brief, his
docketing statement or his notice of appeal that he is appealing from the judgment of
conviction or an order. 

 In a criminal case, appeal is perfected by timely filing a notice of appeal. Tex. R.
App. P. 25.2(a). (1) The notice of appeal must be in writing and must contain the necessary
jurisdictional allegations. TRAP 25.2(b); State v. Riewe, 13 S.W.3d 408, 410
(Tex.Crim.App. 2000). TRAP 25.2(b) provides that notice of appeal is sufficient if the
notice shows the party's desire to appeal from "the judgment or other appealable order."

 An untimely notice of appeal or a notice of appeal which does not contain
jurisdictional assertions will not invoke the jurisdiction of the court of appeals. See Riewe,
13 S.W.3d at 411. Unless the jurisdiction of the appellate court is invoked, the appellate
court has no jurisdiction over the appeal and must dismiss the matter. See Slaton v. State,
981 S.W.2d 208, 210 (Tex.Crim.App. 1998); Olivo v. State, 918 S.W.2d 519, 523 
(Tex.Crim.App. 1996). 

 Appellant's notice of appeal does not show that appellant desires to appeal from
either a judgment or an order. The form of appellant's notice of appeal is not sufficient to 


invoke our appellate jurisdiction. Accordingly, we dismiss the appeal for want of
jurisdiction. 

 

 Phil Johnson

 Justice






Do not publish.



1. Further reference to the Rules of Appellate Procedure will be by referencing "TRAP
_." 



11.61(b)(7), 61.71(a)(1), 61.71(a)(11), 61.71(a)(17), and 104.01(6). 

 We address TABC's issues in a logical rather than sequential order. By issue two,
TABC contends the trial court erred as a matter of law in substituting its judgment by
concluding there was no substantial evidence to support its finding that I Gotcha's
employee was intoxicated on the licensed premises. As pointed out by I Gotcha in its brief,
TABC misstates its issue as there was no controversy regarding an intoxicated employee. 
However, we will address the substance of issue two by which TABC asserts the ALJ's
decision that Land engaged in lewd conduct by sexual contact is supported by substantial
evidence. 

 An administrative ruling of TABC is reviewed under the substantial evidence rule. 
See Tex. Alco. Bev. Code Ann. § 11.67(b) (Vernon 1995); Tex. Gov't Code Ann. §
2001.174 (Vernon 2000). See also Texas Alcoholic Beverage Com'n v. Sierra, 784 S.W.2d
359, 360 (Tex. 1990). Substantial evidence is more than a mere scintilla. Alamo Express
v. Union City Transfer, 158 Tex. 234, 309 S.W.2d 815, 823 (1958). The rule is designed
to discourage courts from administering regulatory statutes enacted by the Legislature. 
Lewis v. Metropolitan S. & L. Ass'n, 550 S.W.2d 11, 13 (Tex. 1977). A court may not
invade the fact finding authority of an administrative agency. State Banking Bd. v. Allied
Bank, 748 S.W.2d 447 (Tex. 1988). Nor may a court substitute its judgment for that of an
administrative agency on the weight of the evidence on questions committed to agency
discretion. See Tex. Gov't Code Ann. § 2001.174. See also Auto Convoy Co. v. Railroad
Commission of Texas, 507 S.W.2d 718, 722 (Tex. 1974). A reviewing court may only
determine whether the contested order is reasonably supported by substantial evidence. 
Auto Convoy Co., 507 S.W.2d at 722. 

 An agency's action will be sustained if the evidence is such that reasonable minds
could have reached the conclusion that the agency must have reached in order to justify
its action. Suburban Util. Corp. v. Public Util. Com'n, 652 S.W.2d 358, 364 (Tex. 1983). (2) 
An agency's findings and conclusions are presumed to be supported by substantial
evidence, and the burden is on the opponent to prove otherwise by showing that no
substantial evidence existed at the time of the hearing to support the order. Imperial Am.
Resources Fund v. R. R. Com'n of Tex., 557 S.W.2d 280, 286 (Tex. 1977). Finally, the
agency's decision must be upheld even if the evidence actually preponderates against the
agency's finding so long as enough evidence suggests the agency's determination was
within the bounds of reasonableness. Gerst v. Goldsbury, 434 S.W.2d 665, 667 (Tex.
1968). See also Southwestern Pub. Serv. v. Public Utility, 962 S.W.2d 207, 215
(Tex.App.-Austin 1998, pet. denied).

 I Gotcha received a citation for a place or manner violation permitting public
lewdness for Land's conduct toward Officer Watkins. (3) The ALJ correctly determined that
there was no substantial evidence to establish that Land's conduct occurred in a public
place or that Land acted recklessly about whether another patron would be offended by her
conduct. Although "public lewdness" is described in the Penal Code, we agree with the ALJ
that it does not apply in the underlying proceeding. 

 The ALJ did, however, conclude there was substantial evidence to support a finding
that a place or manner violation occurred contrary to provisions of the Texas Alcoholic
Beverage Code. Specifically, she found that TABC established Land engaged in lewd
conduct because adult "entertainment should not extend to physical contact" between
patrons and I Gotcha's employees. "Lewd" has no fixed legal meaning in either the Penal
Code or the Alcoholic Beverage Code. Thus, we apply its ordinary meaning in our
analysis. (4) See Tex. Gov't Code Ann. § 312.002 (Vernon 2005). "Lewd" means obscene
or indecent, tending to moral impurity or wantonness. See Black's Law Dictionary 919 (7th
ed. 1999). 

 It is undisputed that I Gotcha operates a topless bar, and during cross-examination,
Watkins acknowledged that patrons expect sexual entertainment. It is not uncommon for
patrons to request a table dance at topless bars. However, according to the testimony,
Land went beyond what is generally expected in a table dance when she touched Watkins's
clothed genitals and licked them. 

 In the analysis of the ALJ's Proposal For Decision, she recites that TABC contended
that "one instance" had occurred where Land engaged in lewd conduct. However, at the
administrative hearing, Watkins responded affirmatively when asked whether he had
observed on eight to ten previous occasions between 1998 and 2001 "the same activity
each time, in that ladies dancing half nude, men there ogling, sexualities, et cetera, et
cetera." He could not, however, recall the particular offenses for which he had made
arrests.

 I Gotcha argues the ALJ's finding that provisions of the Alcoholic Beverage Code
were violated contradicts the finding that no Penal Code violation was found. It also argues
that Watkins's testimony alone was insufficient to establish a pattern of place or manner
violations. We disagree. I Gotcha provides no authority requiring a Penal Code violation
to sustain a violation of the rules or provisions of the Alcoholic Beverage Code. Further,
Watkins's testimony that he observed eight to ten instances of lewd conduct qualifies as
substantial evidence of a pattern.

 I Gotcha asserts in its brief that neither the Alcoholic Beverage Code nor the City of
Fort Worth had a "no touch" provision or ordinance in effect at the time of the incident.
Thus, it argues that the ALJ 's conclusion that Land's conduct should not have extended
to physical contact with a patron has no basis in statutory law. However, I Gotcha's
assertion is unsubstantiated by the record before us. Further, I Gotcha relies on two
criminal cases to support its contention. See generally Donoho v. State, 643 S.W.2d 698
(Tex.Cr.App. 1982) (finding the evidence insufficient to support deviate sexual intercourse);
Smykay v. State, 898 S.W.2d 350 (Tex.App.-San Antonio 1995, pet ref'd) (finding the
evidence insufficient to support public lewdness). Criminal cases are evaluated under a
different standard of review than the substantial evidence test, and we find Donoho and
Smykay do not apply. 

 Under the ordinary meaning of "lewd," Land's conduct in touching Watkins's genitals
and licking them can be characterized as vulgar entertainment which constitutes a violation
of certain provisions of the Alcoholic Beverage Code. See §§ 11.61(b)(2), 61.71(a)(1),
(11), and 104.01(6). Additionally, Watkins's testimony that he observed a pattern of place
or manner violations over numerous years is sufficient to support the ALJ's findings and
conclusions. We conclude TABC's order is reasonable and supported by substantial
evidence, and the trial court erred in substituting its judgment for that of TABC. Issue two
is sustained. Our disposition of issue two pretermits consideration of TABC's first issue.

 Accordingly, the trial court's judgment is reversed and judgment is rendered that I
Gotcha, Inc. d/b/a Main Stage have its Mixed Beverage Permit MB462005 and Mixed
Beverage Late Hours Permit LB462006 suspended for ten days or in lieu thereof, pay a civil
penalty of $1,500. See Tex. R. App. P. 43.2(c).

 Don H. Reavis

 Justice

1. The Conclusions of Law mistakenly contain two separate conclusions numbered
"3." The other conclusion labeled "3" is not relevant to our analysis as it pertains to
adequate notice.
2. I Gotcha cites Hardy St. Invest. v. Texas Water Rights Com'n, 536 S.W.2d 85, 87
(Tex.Civ.App.-Waco 1976, writ ref'd n.r.e.), for the substantial evidence test as being
"whether the evidence as a whole is such that reasonable minds could not have reached
the conclusion that the agency must have reached in order to justify its action." Hardy,
however, misinterpreted the Supreme Court's statement in Railroad Commission v. Shell
Oil Co., 139 Tex. 66, 161 S.W.2d 1022, 1030 (1942), that "[i]f the evidence as a whole is
such that reasonable minds could not have reached the conclusion that the agency must
have reached in order to justify its action, then the order must be set aside." Cf. Suburban
Util. Corp., 652 S.W.2d at 364; Dotson v. Tex. State Bd. of Medical Exam., 612 S.W.2d
921, 922 (Tex. 1981). 
3. Under the Texas Penal Code, public lewdness occurs if a person engages in sexual
contact in a public place, or if not in a public place, the person is reckless about whether
another is present who will be offended by the act. See Tex. Pen. Code Ann. § 21.07(a)(3)
(Vernon 2003).
4. Terms such as "lewd," "vulgar," and the phrase "public decency," as sole descriptive
elements of an offense, have been held too vague to be enforceable in criminal
proceedings. See generally Courtemanche v. State, 507 S.W.2d 545 (Tex.Cr.App. 1974)
(finding a statute void for vagueness because it contained "lewd" and "vulgar"; Irven v.
State, 138 Tex. Crim. 368, 136 S.W.2d 608 (1940) (finding a law ineffective for not
sufficiently defining "offensive to public decency"); cf. State v. Eaves, 786 S.W.2d 396, 399
(Tex.App.-Amarillo 1990), aff'd, 800 S.W.2d 220 (Tex.Cr.App. 1990) (holding a statute of
the Alcoholic Beverage Code not unconstitutionally vague because "intoxication" is
"sufficiently clear and unambiguous to give a person notice of the proscribed conduct").