NO. 07-05-0411-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JULY 28, 2006

_____


TEXAS ALCOHOLIC BEVERAGE COMMISSION, APPELLANT

V.

I GOTCHA, INC. D/B/A MAIN STAGE, APPELLEE


_____

FROM THE 67TH DISTRICT COURT OF TARRANT COUNTY;

NO. 67-212790-05; HONORABLE DON COSBY, JUDGE

_____

Before QUINN, C.J., and REAVIS and HANCOCK, JJ.

**MEMORANDUM OPINION**

The Texas Alcoholic Beverage Commission (TABC) issued an order adopting the Administrative Law Judge's (ALJ's) Proposal For Decision recommending that I Gotcha, Inc. d/b/a Main Stage pay a civil penalty of $1,500 in lieu of having its mixed beverage and mixed beverage late hours permits suspended for a period of ten days. The trial court

reversed the order finding it was not supported by substantial evidence, and TABC filed this appeal. By two issues, TABC contends the trial court erred as a matter of law in (1) holding that I Gotcha's motion for rehearing was sufficiently specific and did not waive error, and (2) finding no substantial evidence to support its finding that the place and manner of I Gotcha's operations violated applicable law and regulations. We reverse and render.

On July 31, 2001, Officer Randy Watkins was conducting an undercover investigation at Main Stage, a topless bar in Fort Worth. The establishment held a mixed beverage permit and a mixed beverage late hours permit issued by TABC. Jeree Land, a topless dancer, offered to perform a table dance for Watkins for thirty dollars. After he accepted, they relocated to a dimly lit semi-private area surrounded by only three walls and with an opening facing the pool table area. During her performance, Land touched Watkins's clothed genital area and also licked his clothed genital area.

Almost four months later, Land was arrested for the incident. Four years later, TABC gave I Gotcha administrative notice of a hearing for a place or manner violation stemming from the incident involving Watkins and Land. Following the hearing, the ALJ entered a Proposal For Decision finding that I Gotcha violated the following sections of the Texas Alcoholic Beverage Code:

§ 11.61(b)(2)–the permittee violated a provision of this code or a rule of the commission;

§ 11.61(b)(7)–the place or manner in which the permittee conducts his business warrants the cancellation or suspension of the permit based on the

general welfare, health, peace, morals, and safety of the people and on the public sense of decency;

§ 61.71(a)(1)–the licensee violated a provision of this code or a rule of the commission during the existence of the license sought to be cancelled or suspended or during the immediately preceding license period;

§ 61.71(a)(11)–the licensee permitted a person on the licensed premise to engage in conduct which is lewd, immoral, or offensive to public decency;

§ 61.71(a)(17)–the licensee conducted his business in a place or manner which warrants the cancellation or suspension of the license based on the general welfare, health, peace, morals, safety, and sense of public decency of the people; and

§ 104.01(6)–[n]o person . . . or employee may engage in or permit conduct on the premises of the retailer which is lewd, immoral, or offensive to public decency, including, but not limited to, any of the following acts:

permitting lewd or vulgar entertainment or acts . . . .

See TEX. ALCO. BEV. CODE ANN. (Vernon 1995 & Supp. 2005).

The ALJ recommended a ten-day suspension of I Gotcha's permits or in lieu thereof a civil penalty of $1,500. After the ALJ's Proposed Findings of Fact and Proposed Conclusions of Law were adopted by TABC, an order was entered suspending I Gotcha's permits for ten days unless payment of $1,500 was received. After I Gotcha's motion for rehearing was denied, it sought judicial review. The trial court entered judgment reversing TABC's order as not being supported by substantial evidence.

Relevant to the Commission's issues are the following findings of fact:

8. Ms. Land performed a table dance for Officer Watkins wearing only a "G" string and high-heeled shoes.

9.    During the dance, Ms. Land grabbed Officer Watkins' [sic] clothed genitals and licked his genital area.

10.    Officer Watkins had been inside Respondent's licensed premises several times over numerous years and observed the same manner of conduct occurring as described in Findings of Fact Nos. 8 and 9; he made arrests at Respondent's licensed premises for persons soliciting alcoholic beverages and engaging in lewd behavior in the past.

Also relevant to this appeal is Conclusion of Law Number 3 which provides:[1]

Based upon Findings of Fact Nos. 1 - 10, Respondent operated its business in a place or manner contrary to general welfare, health, peace, morals, and safety of the people and the public sense of decency on July 31, 2001, because sufficient evidence was presented to establish that a pattern of inappropriate conduct, namely lewd physical contact between Respondent's employee and a patron at the licensed premises, solicitation of alcoholic beverages, and other lewd behavior, was ongoing in relation to Respondent's business in violation of TEX. ALCO. BEV. CODE ANN. §§ 11.61(b)(2), 11.61(b)(7), 61.71(a)(1), 61.71(a)(11), 61.71(a)(17), and 104.01(6).

We address TABC's issues in a logical rather than sequential order. By issue two, TABC contends the trial court erred as a matter of law in substituting its judgment by concluding there was no substantial evidence to support its finding that I Gotcha's employee was intoxicated on the licensed premises. As pointed out by I Gotcha in its brief, TABC misstates its issue as there was no controversy regarding an intoxicated employee. However, we will address the substance of issue two by which TABC asserts the ALJ's

---

[1]The Conclusions of Law mistakenly contain two separate conclusions numbered "3." The other conclusion labeled "3" is not relevant to our analysis as it pertains to adequate notice.

4

decision that Land engaged in lewd conduct by sexual contact is supported by substantial evidence.

An administrative ruling of TABC is reviewed under the substantial evidence rule. *See* TEX. ALCO. BEV. CODE ANN. § 11.67(b) (Vernon 1995); TEX. GOV'T CODE ANN. § 2001.174 (Vernon 2000). *See also* Texas Alcoholic Beverage Com'n v. Sierra, 784 S.W.2d 359, 360 (Tex. 1990). Substantial evidence is more than a mere scintilla. Alamo Express v. Union City Transfer, 158 Tex. 234, 309 S.W.2d 815, 823 (1958). The rule is designed to discourage courts from administering regulatory statutes enacted by the Legislature. Lewis v. Metropolitan S. & L. Ass'n, 550 S.W.2d 11, 13 (Tex. 1977). A court may not invade the fact finding authority of an administrative agency. State Banking Bd. v. Allied Bank, 748 S.W.2d 447 (Tex. 1988). Nor may a court substitute its judgment for that of an administrative agency on the weight of the evidence on questions committed to agency discretion. *See* TEX. GOV'T CODE ANN. § 2001.174. *See also* Auto Convoy Co. v. Railroad Commission of Texas, 507 S.W.2d 718, 722 (Tex. 1974). A reviewing court may only determine whether the contested order is reasonably supported by substantial evidence. *Auto Convoy Co.*, 507 S.W.2d at 722.

An agency's action will be sustained if the evidence is such that reasonable minds could have reached the conclusion that the agency must have reached in order to justify

its action. Suburban Util. Corp. v. Public Util. Com'n, 652 S.W.2d 358, 364 (Tex. 1983).[2] An agency's findings and conclusions are presumed to be supported by substantial evidence, and the burden is on the opponent to prove otherwise by showing that no substantial evidence existed at the time of the hearing to support the order. Imperial Am. Resources Fund v. R. R. Com'n of Tex., 557 S.W.2d 280, 286 (Tex. 1977). Finally, the agency's decision must be upheld even if the evidence actually preponderates against the agency's finding so long as enough evidence suggests the agency's determination was within the bounds of reasonableness. Gerst v. Goldsbury, 434 S.W.2d 665, 667 (Tex. 1968). *See also* Southwestern Pub. Serv. v. Public Utility, 962 S.W.2d 207, 215 (Tex.App.–Austin 1998, pet. denied).

I Gotcha received a citation for a place or manner violation permitting public lewdness for Land's conduct toward Officer Watkins.[3] The ALJ correctly determined that

---

[2]I Gotcha cites Hardy St. Invest. v. Texas Water Rights Com'n, 536 S.W.2d 85, 87 (Tex.Civ.App.–Waco 1976, writ ref'd n.r.e.), for the substantial evidence test as being "whether the evidence as a whole is such that reasonable minds could *not* have reached the conclusion that the agency must have reached in order to justify its action." *Hardy*, however, misinterpreted the Supreme Court's statement in Railroad Commission v. Shell Oil Co., 139 Tex. 66, 161 S.W.2d 1022, 1030 (1942), that "[i]f the evidence as a whole is such that reasonable minds could *not* have reached the conclusion that the agency must have reached in order to justify its action, then the order must be set aside." *Cf. Suburban Util. Corp.*, 652 S.W.2d at 364; Dotson v. Tex. State Bd. of Medical Exam., 612 S.W.2d 921, 922 (Tex. 1981).

[3]Under the Texas Penal Code, public lewdness occurs if a person engages in sexual contact in a public place, or if not in a public place, the person is reckless about whether another is present who will be offended by the act. *See* Tex. Pen. Code Ann. § 21.07(a)(3) (Vernon 2003).

there was no substantial evidence to establish that Land's conduct occurred in a public place or that Land acted recklessly about whether another patron would be offended by her conduct. Although "public lewdness" is described in the Penal Code, we agree with the ALJ that it does not apply in the underlying proceeding.

The ALJ did, however, conclude there was substantial evidence to support a finding that a place or manner violation occurred contrary to provisions of the Texas Alcoholic Beverage Code. Specifically, she found that TABC established Land engaged in lewd conduct because adult "entertainment should not extend to physical contact" between patrons and I Gotcha's employees. "Lewd" has no fixed legal meaning in either the Penal Code or the Alcoholic Beverage Code. Thus, we apply its ordinary meaning in our analysis.[4] *See* TEX. GOV'T CODE ANN. § 312.002 (Vernon 2005). "Lewd" means obscene or indecent, tending to moral impurity or wantonness. *See* Black's Law Dictionary 919 (7th ed. 1999).

It is undisputed that I Gotcha operates a topless bar, and during cross-examination, Watkins acknowledged that patrons expect sexual entertainment. It is not uncommon for

---

[4]Terms such as "lewd," "vulgar," and the phrase "public decency," as sole descriptive elements of an offense, have been held too vague to be enforceable in criminal proceedings. *See generally* Courtemanche v. State, 507 S.W.2d 545 (Tex.Cr.App. 1974) (finding a statute void for vagueness because it contained "lewd" and "vulgar"; Irven v. State, 138 Tex. Crim. 368, 136 S.W.2d 608 (1940) (finding a law ineffective for not sufficiently defining "offensive to public decency"); *cf.* State v. Eaves, 786 S.W.2d 396, 399 (Tex.App.–Amarillo 1990), *aff'd*, 800 S.W.2d 220 (Tex.Cr.App. 1990) (holding a statute of the Alcoholic Beverage Code not unconstitutionally vague because "intoxication" is "sufficiently clear and unambiguous to give a person notice of the proscribed conduct").

patrons to request a table dance at topless bars. However, according to the testimony, Land went beyond what is generally expected in a table dance when she touched Watkins's clothed genitals and licked them.

In the analysis of the ALJ's Proposal For Decision, she recites that TABC contended that "one instance" had occurred where Land engaged in lewd conduct. However, at the administrative hearing, Watkins responded affirmatively when asked whether he had observed on eight to ten previous occasions between 1998 and 2001 "the same activity each time, in that ladies dancing half nude, men there ogling, sexualities, et cetera, et cetera." He could not, however, recall the particular offenses for which he had made arrests.

I Gotcha argues the ALJ's finding that provisions of the Alcoholic Beverage Code were violated contradicts the finding that no Penal Code violation was found. It also argues that Watkins's testimony alone was insufficient to establish a pattern of place or manner violations. We disagree. I Gotcha provides no authority requiring a Penal Code violation to sustain a violation of the rules or provisions of the Alcoholic Beverage Code. Further, Watkins's testimony that he observed eight to ten instances of lewd conduct qualifies as substantial evidence of a pattern.

I Gotcha asserts in its brief that neither the Alcoholic Beverage Code nor the City of Fort Worth had a "no touch" provision or ordinance in effect at the time of the incident. Thus, it argues that the ALJ 's conclusion that Land's conduct should not have extended

to physical contact with a patron has no basis in statutory law. However, I Gotcha's assertion is unsubstantiated by the record before us. Further, I Gotcha relies on two criminal cases to support its contention. *See generally* Donoho v. State, 643 S.W.2d 698 (Tex.Cr.App. 1982) (finding the evidence insufficient to support deviate sexual intercourse); Smykay v. State, 898 S.W.2d 350 (Tex.App.–San Antonio 1995, pet ref'd) (finding the evidence insufficient to support public lewdness). Criminal cases are evaluated under a different standard of review than the substantial evidence test, and we find *Donoho* and *Smykay* do not apply.

Under the ordinary meaning of "lewd," Land's conduct in touching Watkins's genitals and licking them can be characterized as vulgar entertainment which constitutes a violation of certain provisions of the Alcoholic Beverage Code. *See* §§ 11.61(b)(2), 61.71(a)(1), (11), and 104.01(6). Additionally, Watkins's testimony that he observed a pattern of place or manner violations over numerous years is sufficient to support the ALJ's findings and conclusions. We conclude TABC's order is reasonable and supported by substantial evidence, and the trial court erred in substituting its judgment for that of TABC. Issue two is sustained. Our disposition of issue two pretermits consideration of TABC's first issue.

Accordingly, the trial court's judgment is reversed and judgment is rendered that I Gotcha, Inc. d/b/a Main Stage have its Mixed Beverage Permit MB462005 and Mixed Beverage Late Hours Permit LB462006 suspended for ten days or in lieu thereof, pay a civil penalty of $1,500. *See* Tex. R. App. P. 43.2(c).

Don H. Reavis
Justice

9