**Opinion issued May 29, 2025**



**In The**

# Court of Appeals

**For The**

# First District of Texas

———————————

## NO. 01-20-00859-CR

———————————

### EX PARTE MICHAEL LOWRY, Appellant

---

**On Appeal from the 230th District Court**
**Harris County, Texas**
**Trial Court Case No. 1685846**

---

### OPINION ON REMAND

On remand from the Court of Criminal Appeals, we address habeas applicant Michael Lowry's remaining argument that section 43.262(b) of the Texas Penal Code is unconstitutionally vague. We affirm.

### I.       Background

The relevant facts and background are fully set forth in the Court of Criminal Appeals' and our prior opinions. *See Ex parte Lowry*, 693 S.W.3d 388, 391–94

(Tex. Crim. App. 2024); *Ex parte Lowry*, 639 S.W.3d 151, 156–58 (Tex. App.—Houston [1st Dist.] 2021), *rev'd*, 693 S.W.3d 388 (Tex. Crim. App. 2024). In short, the State charged Lowry with possession of lewd visual material depicting a child under section 43.262(b), which provides:

> (b) A person commits an offense if the person knowingly possesses, accesses with intent to view, or promotes visual material that:
>
> > (1) depicts the lewd exhibition of the genitals or pubic area of an unclothed, partially clothed, or clothed child who is younger than 18 years of age at the time the visual material was created;
> >
> > (2) appeals to the prurient interest in sex; and
> >
> > (3) has no serious literary, artistic, political, or scientific value.

TEX. PENAL CODE § 43.262(b).

Lowry filed an application for pretrial writ of habeas corpus challenging the constitutionality of section 43.262(b) on multiple bases, which the trial court denied. Our court originally concluded that section 43.262(b) is an unconstitutional content-based restriction on free speech and overbroad. The Court of Criminal Appeals reversed, concluding the section regulates only an unprotected category of speech—child pornography—and that Lowry did not preserve an overbreadth challenge. On remand, we address Lowry's remaining argument that section 43.262(b) is void for vagueness.

2

## II.    Void for Vagueness

## A.    Standards of review and relevant law

It is a basic principle of due process that a law is void for vagueness if its prohibitions are not clearly defined. *Wagner v. State*, 539 S.W.3d 298, 313 (Tex. Crim. App. 2018). A vagueness argument implicates two constitutional concerns: (1) due process, which requires that statutes give people of ordinary intelligence fair notice of what the law demands of them; and (2) separation of powers, under which only the legislature is authorized to "make an act a crime" and shall not pass vague laws delegating responsibility for defining crimes to unaccountable police, prosecutors, and judges. *State v. Zuniga*, 656 S.W.3d 925, 928 (Tex. App.—Houston [14th Dist.] 2022, pet. ref'd) (citing *United States v. Davis*, 588 U.S. 445, 451 (2019)). Hence, a criminal law is unconstitutionally vague if it is not sufficiently clear (1) to give a person of ordinary intelligence a reasonable opportunity to know what is prohibited and (2) to establish determinate guidelines for law enforcement. *State v. Doyal*, 589 S.W.3d 136, 146 (Tex. Crim. App. 2019). "What renders a statute vague is the 'indeterminacy of precisely what' the prohibited conduct is." *Id.* (quoting *United States v. Williams*, 553 U.S. 285, 306 (2008)). When a vagueness challenge is raised, "we presume that the statute is constitutional, which means that the burden rests on the challenger to establish its unconstitutionality." *Zuniga*, 656 S.W.3d at 928.

Generally, in addressing a vagueness challenge, courts are to consider whether the statute is vague as applied to a defendant's conduct before considering whether the statute may be vague as applied to the conduct of others. *Ex parte Nuncio*, 662 S.W.3d 903, 921 (Tex. Crim. App. 2022). But if a statute implicates the First Amendment, the statute may be held facially invalid even though it may not be unconstitutional as applied to the defendant's conduct. *Ex parte Barton*, 662 S.W.3d 876, 880 (Tex. Crim. App. 2022). A statute implicating the First Amendment may be found facially vague without "a showing that there are no possible instances of conduct clearly falling within the statute's prohibitions," and "it must also be sufficiently definite to avoid chilling protected expression." *Doyal*, 589 S.W.3d at 145–46. Greater specificity is required when First Amendment freedoms are implicated because uncertain meanings inevitably lead citizens to steer far wider of the unlawful zone than if the boundaries of the forbidden areas are clearly marked. *Id.* at 146. "Nevertheless, 'perfect clarity and precise guidance have never been required even of regulations that restrict expressive activity.'" *Id.* (quoting *Minn. Voters All. v. Mansky*, 585 U.S. 1, 21 (2018)). And scienter requirements may alleviate vagueness concerns. *See id.*

Lowry's vagueness challenge requires us to construe section 43.292(b). Statutory construction is a question of law we review *de novo. Lowry*, 693 S.W.3d at 406. We construe words, phrases, clauses, and sentences in their context and

4

according to the rules of grammar and give effect to each word, phrase, clause, and sentence if reasonably possible, presuming the legislature did not include meaningless language. *Id.* If the text is plain, we give effect to that meaning unless doing so would lead to absurd results that the legislature could not have possibly intended. *Id.*

**B.     Section 43.262(b) is not facially vague**

The Court of Criminal Appeals determined section 43.262(b) "regulates expressive conduct that implicates the First Amendment." *Lowry*, 693 S.W.3d at 407. Thus, section 43.262(b) is subject to a facial vagueness challenge. *See Nuncio*, 662 S.W.3d at 921. Additionally, the State specifically charged Lowry with knowingly possessing a photograph that depicts the lewd exhibition of the pubic area of a clothed child that appeals to the prurient interest in sex and has no serious literary, artistic, political, or scientific value, so our analysis is limited to this part of section 43.262(b). *See United States v. Grace*, 461 U.S. 171, 175 (1983) (limiting review of statute's constitutionality under First Amendment to part of statute under which defendants were charged).

Lowry contends section 43.262(b) is facially vague because it does not give people of ordinary intelligence fair notice of what the law demands of them, which will chill speech, causing citizens to remain silent rather than express themselves

due to the unclear boundaries of the statutory prohibition.[1] Lowry questions "what would make a picture of a fully dressed 17-year-old lewd?" He asks what might be considered lewd for purposes of section 43.262(b) in photographs of girls in bikinis on the beach, a gymnast doing a split jump, or models in clothing advertisements, or in films intended protest the oversexualization of children by exposing examples of the same.

The undefined term "lewd" is not the sole descriptor of visual material prohibited by section 43.262 but one of several descriptive elements. A statute is not unconstitutionally vague merely when words are not specifically defined because words must be read in the context in which they are used. *See Wagner*, 539 S.W.3d at 314. In relevant part, section 43.262(b) specifically refers to visual material that "(1) depicts the lewd exhibition of the . . . pubic area of [a] . . . clothed child who is younger than 18 years of age at the time the visual material was created; (2) appeals to the prurient interest in sex; and (3) has no serious literary, artistic, political, or

---

[1] To the extent Lowry argues section 43.262(b) is vague because it is unclear whether it regulates a substantial amount of protected speech, such argument pertains to vagueness as it relates to a First Amendment overbreadth inquiry, which the Court of Criminal Appeals concluded Lowry did not preserve. *See Reno v. Am. Civil Liberties Union*, 521 U.S. 844, 864, 871–74 (1997) (explaining vagueness can be part of a separate overbreadth challenge based on the First Amendment); *Vill. of Hoffman Ests. v. Flipside, Hoffman Ests., Inc.*, 455 U.S. 489, 494–95 & nn. 6, 7 (1982) (same); *see also Holder v. Humanitarian Law Project*, 561 U.S. 1, 20 (2010) ("Such a plaintiff may have a valid overbreadth claim under the First Amendment, but our precedents make clear that a Fifth Amendment vagueness challenge does not turn on whether a law applies to a substantial amount of protected expression.").

6

scientific value." TEX. PENAL CODE § 43.262(b). "Lewd," a common word meaning "obscene, vulgar" or "sexually unchaste or licentious,"[2] describes the type of exhibition of a clothed child's pubic area that the prohibited visual material must depict, which also must appeal to the prurient interest in sex and have no serious literary, artistic, political, or scientific value. Thus, in the context of the statute, "lewd" is not vague but an integral part of several descriptors that, combined, significantly narrow and clarify the type of visual material that is prohibited. *See Courtemanche v. State*, 507 S.W.2d 545, 546–47 (Tex. Crim. App. 1974) (recognizing statutes using "lewd" as not vague because offenses included other descriptive elements); *Garay v. State*, 954 S.W.2d 59, 63 (Tex. App.—San Antonio 1997, pet. ref'd) (concluding any inherent vagueness in the word "lewd" as used in Penal Code section 43.25(a)(2) is reduced when the statute is read as a whole); *see also Gerron v. State*, 524 S.W.3d 308, 316 (Tex. App.—Waco 2016, pet. ref'd) ("The term 'lewd exhibition,' as used in the statute, is defined in dictionaries and is so well known as to be understood by a person of ordinary intelligence.").

The inclusion of a scienter requirement in section 43.262(b) further mitigates against any potential vagueness concerns. The Court of Criminal Appeals concluded that a violation of section 43.262(b) requires a person (1) "*knowingly* possess, access

---

[2]     *Lewd*, Merriam-Webster.com, https://www.merriam-webster.com/dictionary/lewd (last visited May 21, 2025).

with intent to view, or promote visual material *knowing* that the visual material depicts the lewd exhibition of the genitals or pubic area of an unclothed, partially clothed, or clothed child," (2) "*know* that the child was under 18 years old when the material was created," (3) "*know* that the material appeals to the prurient interest in sex," and (4) "*know* that the material has no serious literary, artistic, political, or scientific value." *Lowry*, 693 S.W.3d at 416 (emphasis added). That a person must know the visual material meets each of these elements before he violates the statute ensures he has adequate notice of what is proscribed. *See Doyal*, 589 S.W.3d at 146.[3] In fact, in his brief filed before the Court of Criminal Appeals concluded section 43.262(b) has a comprehensive scienter requirement, Lowry recognized the effect such requirement would have by stating, "Section 43.262 might have passed the vagueness test had the statute included a requirement that the offending person subjectively believe that the material they possessed was lewd, appealed to the prurient interest, and had no serious societal value[.]"

---

[3]   *See also McFadden v. United States*, 576 U.S. 186, 197 (2015) ("Under our precedents, a scienter requirement in a statute alleviate[s] vagueness concerns, narrow[s] the scope of [its] prohibition[,] and limit[s] prosecutorial discretion." (internal quotation marks omitted)); *Williams*, 553 U.S. at 306 (concluding "knowingly" scienter requirement negated indeterminacy in federal statute because whether defendant "held a belief or had an intent" regarding material being child pornography are "clear requirements"); *Nuncio*, 662 S.W.3d at 924–26 (holding scienter requirement negated vagueness by allowing person to determine whether or not his conduct violated harassment statute implicating First Amendment).

Lowry lastly contends that section 43.262(b), which is generally a state jail felony, applies to conduct that also violates section 43.261, which is generally a Class C misdemeanor he describes as proscribing consenting minors from exchanging "sexting images." *See* TEX. PENAL CODE § 43.261. Lowry argues this creates vagueness because teenagers do not know which offense they may be charged with when "sexting." Even assuming both statutes regulate the same "sexting" conduct, that does not render section 43.262(b) vague because it is otherwise sufficiently clear. *See Earls v. State*, 707 S.W.2d 82, 86–87 (Tex. Crim. App. 1986) ("The fact that a person's conduct violates two parts of a statute or even two different statutes does not make the statute vague as long as the proscribed conduct is described so as to give a person fair notice that it violates the statute."); *Ex parte Luster*, 846 S.W.2d 928, 930 (Tex. App.—Fort Worth 1993, pet. ref'd) (applying *Earls* and holding "the fact that different punishments are authorized by more than one applicable statute does not detract from a defendant's notice of the punishment under each").

We conclude that section 43.262(b) is sufficiently clear to give a person of ordinary intelligence a reasonable opportunity to know what is prohibited and to establish determinate guidelines for law enforcement. *See Doyal*, 589 S.W.3d at 146. Section 43.262(b) will not cause citizens to steer wide of the unlawful zone prohibited by the statute, chilling lawful expression. *See Wagner*, 539 S.W.3d at

9

313–14. To the contrary, ordinary persons will understand from reviewing the statute's multiple, conjunctive elements "whether or not *their conduct* is criminal." *Nuncio*, 662 S.W.3d at 926 (emphasis in original). Even when a clothed child is involved, that a violator must knowingly possess visual material that he knows meets each of section 43.262(b)'s descriptive elements that render the material child pornography adequately ensures ordinary persons understand what photographs and films are and are not prohibited. *Ex parte Lowry*, 693 S.W.3d at 411, 418 (concluding section 43.262(b) regulates only child pornography and that the "lewd exhibition of a child's clothed pubic area is in fact intrinsically related to the sexual abuse and exploitation of children"). We overrule Lowry's sole remaining issue.

### III. Conclusion

We conclude that section 43.262(b) of the Texas Penal Code is not facially vague and affirm the trial court's order denying Lowry's application for writ of habeas corpus.

Andrew Johnson
Justice

Panel consists of Justices Rivas-Molloy, Johnson, and Dokupil.

Publish. *See* TEX. R. APP. P. 47.2(b).